# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

x---------------------------------------------------------x

**MIGUEL VALLE**

                        **PLAINTIFF,**

            **VS.**

**INVESTIGATOR THOMAS MORAN
AND INVESTIGATOR DALE
BRICKWOOD, OF THE
WESTCHESTER COUNTY
DISTRICT ATTORNEY'S OFFICE**

                **DEFENDANTS**

x---------------------------------------------------------x

**COMPLAINT**

# 07 CIV. 8214

# BRIEANT

**SEPTEMBER 20, 2007**

For his complaint, Plaintiff, Miguel Valle, alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 against the Defendants in their individual capacities. Jurisdiction is predicated upon 28 U.S.C. §§§ 1331, 1343 and 1367 at 42 U.S.C. §§ 1983 and 1988 and on the pendent jurisdiction of this Court to entertain claims arising under state law.

2.      Venue is proper in this district because it is where the parties reside and where the incidents of the complaint occurred.

3.      It is alleged that the individual Investigator Defendants falsely prosecuted and imprisoned the Plaintiff and deprived him of his right to liberty and property without due process of law.

1

**PARTIES**

4.      Plaintiff, Miguel Valle (hereinafter referred to as "Plaintiff" and/or "Valle"), was at all times relevant to this Complaint, a resident of Elmsford, New York and of full age.

5.      Defendant Investigator Thomas Moran (hereinafter "Investigator Moran") was at all times relevant to this complaint duly appointed with police powers and an acting officer of the Westchester District Attorney's Office acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County of Westchester and the United States Constitution. He is being sued in his individual capacity.

6.      Defendant Investigator Dale Brickwood (hereinafter "Investigator Brickwood") was at all times relevant to this complaint duly appointed with police powers and an acting officer of the Westchester District Attorney's Office acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the County of Westchester and the United States Constitution. He is being sued in his individual capacity.

**FACTS**

7.      Grand Jury proceedings were held in "the matter of the investigation into the explosion at 126 Valley Street, Sleepy Hollow, New York on Sunday, May 16, 2004 at approximately 12:00 p.m., during the period from on or about October 18, 2004 to on or about November 3, 2004 in the Westchester County Supreme Court.

8.      Relevant evidence together with instructions was presented to the Grand Jury, a true bill was voted and on December 13, 2005 a sealed indictment was filed against Plaintiff. That indictment bore number 05-1358.

2

9.      The indictment was unsealed at Plaintiff's arraignment in the County Court for the State of New York in Westchester County on December 20, 2005.

10.      Valle was charged as aiding and abetting another Defendant and acting in concert with said Defendant who was charged with two counts of assault in the second degree under PL § 120.05(4); two counts of assault in the second degree under PL § 120.05(6); two counts of assault in the third degree under PL § 120.00(2); two counts of assault in the third degree under PL § 120.00(3); one count of reckless endangerment in the second degree under PL § 120.20; one count of official misconduct under PL § 190.00(1); one count of endangering the public health, safety and environment in the second degree under ECL § 71-2713(1); one count of endangering the public health, safety and environment in the fourth degree under ECL § 71-2711(3); one count of knowing violation of an industrial pre-treatment standard under ECL § 71-1933(4); one count of criminally negligent violation of an industrial pre-treatment standard under ECL § 71-1933(3); and (as amended) one count of criminally reckless violation of ECL § 27-0914 under ECL § 71-2705(2).

11.      On or about April 5, 2006, the People of the State of New York ("People") received Valle's motion for omnibus relief wherein he sought, among other things, inspection of the Grand Jury minutes and, upon inspection, dismissal or reduction of the indictment on the grounds of insufficiency of Grand Jury evidence.

12.      The People opposed the motion.

13.      On or about June 30, 2006 the Court, Adler, J., rendered a decision dismissing 10 counts in the indictment on the grounds of legal insufficiency of Grand Jury evidence, and letting stand the environmental crime charges in the charge of reckless endangerment in the second degree. The remaining environmental crime charges were endangering the public health, safety

3

and environment in the second and fourth degrees under ECL § 71-2713(1) and (3) respectively;

a knowing violation of an industrial pre-treatment standard under ECL § 71-1933(4); criminally

negligent violation of an industrial pre-treatment standard under ECL § 71-1933(3); and

criminally reckless violation of ECL § 27-0914 under ECL § 71-2705(2). By motion received by

the People on October 6, 2006, Valle filed an order to show cause upon the affirmation of James

M. Timko, Esq., requesting that the Court direct the District Attorney of Westchester County to

show cause before the Court at the trial term thereof why there should not be an order granted

pursuant to CPL § 210.35(5) and Article 1 § 6 of the New York State Constitution permitting the

Court to re-inspect the Grand Jury minutes, and upon inspection of said minutes, dismissing the

indictment as defective and for a further order granting such order and relief as the Court might

deem just and proper.

      14.     On or about September 18, 2006 the Court commenced pretrial hearings in the

above-referenced matter. After the completion of the hearing the People turned over to the

Defendant <u>Rosario</u> material.

      15.     During subsequent proceedings, counsel for Valle reviewed the Rosario material

and the Grand Jury testimony of Investigator Moran of the Westchester County District

Attorney's Office.

      16.     On Tuesday, May 18, 2004, defendants Moran and Brickwood interviewed Valle

along with two other investigators as a follow up to an interview that occurred on May 16, 2004,

the date of the explosion. Investigator Moran, in relevant part, testified as to his interrogation of

Valle to the Grand Jury; he stated that Valle admitted to them that he had pumped out 65 to 70

gallons of gasoline from the Sleepy Hollow, New York, fire boat. Investigator Brickwood's

testimony at trial was consistent with Moran's grand jury testimony. Both defendants failed to

testify truthfully that the total gasoline was pumped out over a two-day period.

17.    Defendant Moran made false statements to the Grand Jury that Valle said he took gas cans into the firehouse (see Grand Jury transcript annexed as Exhibit A and incorporated by reference herein, page 13, line 7-13).

18.    Defendant Moran made false statements to the Grand Jury that Valle did not explain how and where they disposed of 65 to 70 gallons of gasoline when they only had six (6) five-gallon containers (see Exhibit A page 18-20, 24-25).

19.    The testimony elicited before the Grand Jury clearly demonstrated that the People had recovered only five or six  five-gallon containers of gasoline, containing no more than 31 gallons.  According to Investigator Moran, Valle admitted to having pumped more than twice that amount (see Exhibit A page 13, 30, 40).

20.    The question before the Grand Jury involved the missing 39 gallons of accounted for gas.  The inference created by Investigator Moran was that Valle had pumped out approximately 65 to 70 gallons of gasoline and that there were 40 gallons of gasoline missing for which Valle could not account.  Investigator Moran further stated before the Grand Jury that Valle, in response to his direct question, did not tell Moran where the other 25-40 gallons went. Another inference created by Investigator Moran was that Valle went into the firehouse with gasoline cans and poured the contents down the sink causing the explosion.

21.    Investigator Moran thereby created a "phantom" 40 gallons of gasoline at a time when it was beyond dispute that the People had photographs of the "missing" gasoline which Valle had brought to the Department of Public Works garage in a 35 gallon drum and several of smaller gasoline cans, inasmuch as the District Attorney Investigators themselves took pictures of the additional gasoline on May 17, 2004.

5

22.    Plaintiff audio taped the May 18, 2004 interview with Investigators Moran and Brickwood, without the knowledge of either, and produced said audio tape during trial of the above-referenced matter.  On said audio tape, Valle explicitly disclosed to Investigator Moran, Investigator Brickwood, Investigator Sergeant Hood and Investigator Punoni at the Westchester County District Attorney's office that he had pumped gasoline from the fire boat over a two-day period, including the day of the explosion and the following day, the amount of gasoline, the number of gasoline cans used, and the manner and time in which he disposed of said gasoline.

23.    The audio tape of the May 18, 2004 interview, in conjunction with the photographs of the subject gasoline taken by the District Attorney Investigators on May 18, 2004, indicate that Investigator Moran patently and falsely testified before the Grand Jury in order to secure an indictment of Miguel Valle, which subsequently occurred, and that Investigator Brickwood falsely testified at trial in order to attempt a guilty verdict from a jury against Valle.

24.    One or more witnesses provided the description of a possible suspect, which did not fit the description of Valle, and was ignored by both Defendants throughout their investigation.

25.    Investigator Moran intentionally and/or with reckless disregard for the truth omitted material information that was critical for a grand jury determination of probable cause to issue an indictment against Valle.

26.    Despite evidence that exonerated Valle, the Defendants ignored that information and their investigative actions were undertaken without probable cause.

27.    At trial, Investigator Brickwood intentionally and/or with reckless disregard for the truth testified and misrepresented statements made by Valle during the investigation.

6

28.    During all times mentioned in the complaint, the defendants were contemporaneously setting Valle up for the charges. Each defendant was aware of the false/illegal actions of the other and acted jointly and in concert with each other. Each defendant had a duty and the opportunity to protect the Plaintiff from the unlawful actions of the other defendant, but each defendant failed and refused to perform such duty thereby proximately causing the Plaintiff's injuries herein complained of.

29.    The New York State Constitution guarantees that "no person shall be held to answer for a capital or otherwise infamous crime…unless on indictment of a Grand Jury".

30.    As a result of the patently false testimony of Investigator Moran, Valle was indicted as hereinbefore stated.

31.    The Defendants knowingly permitted the Plaintiff to be incarcerated and prosecuted on said charges all the while knowing that no credible evidence existed that implicated him.

32.    As a direct consequence of the conduct of the defendants, Plaintiff was arrested, required to attend court many times as an accused criminal to defend himself against the charges that were lodged against him by the defendants.

33.    As a further result thereof, the Plaintiff suffered shame, humiliation, embarrassment and disgrace and was subject of public and private ridicule based upon said indictment.

34.    As a further result thereof, he was required to expend sums of money to vindicate himself in connection with those aforementioned charges.

35.    As a direct and proximate result of the acts of the Defendants described above, the Plaintiff was caused to suffer great emotional distress, shame, humiliation, disgrace,

7

embarrassment and anxiety and has suffered a loss of all the constitutional rights described herein including the right to be free from malicious prosecution and abuse of process.

36.    In the matter described herein the Defendants acted with wanton and reckless and/or malicious disregard of the Plaintiff's constitutional rights.

37.    In the manner described herein the Defendant deprived the Plaintiff of his right to be free from false imprisonment, free from summary punishment, free from malicious prosecution and abuse of process, and deprived him of property without due process of law and otherwise deprived him of due process and equal protection of the laws. All of these rights are secured to the Plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and by 42 U.S.C. § 1983.

38.    In the manner described herein, the Defendant has deprived the Plaintiff of his rights to be free from false imprisonment and prosecution and inflicted negligent and intentional emotional distress upon his person, as well as causing him to be indicted on false information in violation of the rights guaranteed and secured to Valle by the constitution and laws of the State of New York.

39.    As a result hereof, the Plaintiff has been damaged.

## COUNT 2

40.    Paragraphs 1 through 38 are hereby repeated and re-alleged as if the same had been fully set forth herein.

41.    The foregoing false testimony of the Defendant Moran was proffered at the trial of Valle in or about October 2006.

42.    Investigator Moran's perjured testimony was discovered by the Court and counsel as well as the People of the State of New York during trial of said matter.

8

43.    As a result thereof Valle was acquitted of all charges on October 17, 2006.

44.    The result of the Investigator Morans' perjury to the grand jury of the aforementioned matter constituted a deprivation of the Plaintiff's right to be free from false imprisonment, free from summary judgment and deprived him of property without due process of law and otherwise deprived him of due process and equal protection of the laws. All of these rights are secured to the Plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution and by 42 U.S.C. § 1983.

45.    In the matter described herein, Investigator Brickwood's false testimony at trial deprived the Plaintiff of his rights to be free from false imprisonment and prosecution and inflicted negligent and intentional emotional distress upon the person of the Plaintiff herein. All of these rights are secured to the Plaintiff by the Constitutional Laws of the State of New York.

46.    As a result hereof, the Plaintiff has been damaged.


**WHEREFORE**, the Plaintiff prays for a judgment in his favor and against the Defendants after a trial by a jury of six awarding, among other things:

       i.     Compensatory damages;

       ii.    Punitive damages pursuant to 42 U.S.C. §1988;

       iii.   Attorney's Fees and Costs pursuant to 42 U.S.C. §1988;

       iv.   Interest;

       v.    Costs;

       vi.   Injunctive relief; and

       vii.  Such other, further and different relief as may in law or equity appertain.

THE PLAINTIFF
MIGUEL VALLE


By _____
        Karen L. Mayer, Esq.
        Philip Russell, L.L.C.
        66 Field Point Road
        Greenwich, CT 06830
        (203) 661-4200
        Federal Juris No.  KM6555

10