UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

MIGUEL VALLE,

                                                      07 CIV. 8214 (CLB)(MDF)

          Plaintiff,


          vs.

INVESTIGATOR THOMAS MORAN, AND
INVESTIGATOR DALE BRICKWOOD, OF THE
WESTCHESTER COUNTY DISTRICT ATTORNEY'S
OFFICE,

          Defendants.


-------------------------------------------------------------------x


## <u>MEMORANDUM OF LAW IN SUPPORT OF<br>MOTION TO DISMISS</u>


CHARLENE M. INDELICATO
Westchester County Attorney
Attorney for Defendant(s)
By: HILLARY J. RAIMONDI
Associate County Attorney
 Of Counsel
600 Michaelian Office Building
148 Martine Avenue
White Plains, New York  10601
(914) 995-3671

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................i,ii,iii,iv

PRELIMINARY STATEMENT..................................................................1

FACTS.......................................................................................2

ARGUMENT

**POINT I**......................................................................................5

DEFENDANTS ARE ENTITLED TO ABSOLUTE WITNESS IMMUNITY AND THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. §1983

    A.  The Defendants Were Not complaining Witnesses and the Grand Jury Indictment Creates an Unrebutted Presumption of Probable Cause.......................................................................5

    B.  Allegations of A Conspiracy Between the Two Defendant Witnesses Do Not Defeat Absolute Immunity...........................11

**POINT II**......................................................................................13

PLAINTIFF'S STATE LAW CLAIMS ARE BARRED

    A.  Plaintiff Did Not Comply with the New York State General Municipal Law and Any Claim of False Imprisonment is Time-Barred.......................................................................13

    B.  The Complaint Fails to State a Claim for Malicious Prosecution or False Imprisonment...........................................16

       1. Plaintiff Fails to State a Claim for Malicious Prosecution.....16

       2. Plaintiff Fails to State a Claim for False Imprisonment ........17

**CONCLUSION**...............................................................................18

**Cases**

Bell Atlantic Corp. v. Twombly
    127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (May 21, 2007)................................. 9

Bernard v. United States
    25 F.3d 98, 104 (2d Cir. 1994)......................................................................... 10

Blount v. Swiderski
    2006 US Dist Lexis 82889, *47 (2006 E.D.N.Y.) ....................................... 12

Briscoe v. LaHue
    460 U.S. 325, 103 S.Ct. 1108 (1983)................................................... 5,6,13

Butz v. Economu
    438 U.S. 478, 98 S.Ct. 2894 (1978).................................................................. 5

Dale v. Bartels
    552 F.Supp 1253, 1267-73..............................................................................6

Dill v. County of Westchester
    5 Misc. 2d 869, 871 (Sup. Ct. Westchester Co. 1957), *aff'd,* 4 A.D.2d 779 (1st Dept.
    1957) ................................................................................................................ 13

Dorman v. Higgins
    821 F.2d 133, 139 (2d Cir. 1987)..................................................................... 12

Dory v. Ryan
    25 F.3d 81, 84 (2d Cir. 1994)...........................................................................12

Fulton v. Robinson
    289 F.3d 188, 195-96 (2d Cir. 2001) ............................................................. 16

Garcia v. NYPD PCT 41
    1997 U.S. Dist. LEXIS 13656 at *12-14 (S.D.N.Y. 1997)................................. 14, 15

Grieco v. Memorial Hospital of Greene County
    385 F.Supp. 798, 799 (S.D.N.Y. 1974)........................................................... 14

Guzman v. City of New York
    236 A.D.2d 444 (2d Dep't 1997) .................................................................... 14

Hansel v. Sheridan
    991 F.supp. 69, 75 (N.D.N.Y. 1998)...............................................................16

Howell v. new York Post Co.,
   81 N.Y.2d 115, 122-23(1993)...............................................16

Imbler v. Pachtman
   424 U.S. 409, 96 S. Ct. 984 (1976)..........................................5

Kincaid v. Eberle
   712 F.2d 1023 (7th Cir. 1983) ...............................................6

Kinzer v. Jackson
   316 F.3d 139, 143 (2d Cir 2003)..............................................7

Kirk v. Metropolitan Transp. Auth.
   2001 U.S. Dist. LEXIS 2786 (S.D.N.Y 2001)............................17

Malone v. McHugh
   797 F.Supp. 154 ( E.D.N.Y. 1991). .......................................15

McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.
   256 A.D. 2d 269, 682, N.Y.S. 2d, 167, 169 (1st Dept 1998)...........16

Mitchi v. Cunningham
   2007 U.S. Dist. LEXIS 69801, *11 (S.D.N.Y. 2007).....................8

Mojica v. New York City Transit Authority
   117 A.D.2d 722 (2d Dep't 1986) ...........................................14

Morillo v. City of New York
   1997 U.S. Dist. LEXIS 1665 (S.D.N.Y. 1997)............................7

Murphy v. Lynn
   903 F.Supp. 629,631-32 (S.D.N.Y. 1995) ................................7

Murphy v. Lynn
   118 F.3d 938, 946 (2d Cir. 1997)............................................7

Nadeaur v. Anthony
   2007 U.S. Dist. Lexis 8160, *10-15 (D. Conn. 2007)....................11

Nieves v. McSweeney
   241 F.3d 46, 55-57 (1st Cir. 2001)..........................................10

Pangburn v. Culbertson
   200 F.3d 65, 72 (2d Cir. 1999)..............................................12

Pierson v. Ray
　　386 U.S. 547, 87 S.Ct. 1213 (1967)..................................................................... 5

Pinaud v. County of Suffolk
　　52 F.3rd 1139, 1147 (2d Cir. 1995) ................................................................ 12

Posr v. Doherty
　　944 F.2d 91, 100 (2d Cir. 1991)...................................................................8

Rattner v. Planning Comm'n of Village of Pleasantville
　　156 A.D.2d 521 (2d Dept. 1989) .................................................................. 14

Riccicuti v. NYC Transit Authority
　　124 F.3d 123, 130 (2d Cir. 1997)................................................................. 16

Robinson v. Kleinman
　　1982 U.S. Dist. Lexis 14669,*4 (S.D.N.Y. 1982)...........................................12

Rolon v. Henneman
　　443 F. Supp. 2d 532, 536 (S.D.N.Y. 2006)..................................................... 13

Rosado v. New York City Transit Authority
　　827 F.Supp. 179 (S.D.N.Y. 1989)................................................................18

San Filippo v. U.S. Trust Co.
　　737 F.2d 246, 255 (2d Cir. 1984)..............................................................6,12

Seabreeze Marina v. Smithtown, Inc
　　25 A.D.2d 780 (2d Dept. 1966). ................................................................. 15

Singer v. Fulton County Sheriff
　　63 F.3d 110 (2d Cir. 1995)...................................................... 7,12,15,16,17

Stevenson v. City of New York
　　248 A.D.2d 248 (1st Dep't 1998) ................................................................ 14

Storck v. Suffolk County Dep't of Soc. Servs.
　　62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999).....................................................17

Tunia v. State of New York
　　106 Misc. 2d 601, 434 N.Y.S.2d 846 (Ct. of Claims 1978). ............................. 15

Washington Square Post # 1212 v. City of New York
　　808 F.Supp. 264, 271 (S.D.N.Y. 1992...........................................................14

Weyant v. Okst
       101 F.3d 845, 852 (2d Cir. 1996)..................................................................................... 17

White v. Frank
       855 F.2d 956 (2d Cir. 1988)...................................................................................... 7,10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MIGUEL VALLE,

               Plaintiff,                        07 CIV. 8214 (CLB)(MDF)

            v.                           **MEMORANDUM OF
LAW IN SUPPORT OF
<u>MOTION TO DISMISS</u>**

INVESTIGATOR THOMAS MORAN, AND
INVESTIGATOR DALE BRICKWOOD, OF THE
WESTCHESTER COUNTY DISTRICT
ATTORNEY'S OFFICE,

               Defendants.

-----------------------------------------------------------------x

## <u>PRELIMINARY STATEMENT</u>

    This Memorandum of Law is respectfully submitted on behalf of Defendants

Thomas Moran and Dale Brickwood, both criminal investigators at the Westchester

County District Attorney's Office ("Defendants"), in support of their motion to dismiss

the above-captioned Complaint in its entirety.  As will be discussed in detail below, in

2004, Defendants participated in an investigation into an explosion that occurred in the

Village of Sleepy Hollow, and thereafter, gave testimony in connection with both the

grand jury investigation and the criminal trial.  Each of these defendants is entitled to

invoke the defense of absolute witness immunity, as neither of them arrested Plaintiff or

caused a criminal prosecution.  Tellingly, the grand jury proceedings were entitled "the

matter of the investigation into the explosion at 126 Valle Street, Sleepy Hollow, New

York on Sunday, May 16, 2004 at approximately 12:00 p.m., during the period from on

or about October 18, 2004 to on or about November 3, 2004", and defendant Moran was

merely a grand jury witness in connection with his investigation and the information he

obtained during that investigation. Even further removed from the institution of the criminal proceeding is Defendant Brickwood, who testified only during the criminal trial of the action. At issue in this lawsuit is Defendants' alleged failure to accurately recount Plaintiff's version of events as told to them two days after the explosion and as tape recorded by plaintiff at the time of the interview.

For the reasons set forth below, the Complaint must be dismissed in its entirety.

## FACTS

The following facts, as alleged in the Complaint, are deemed to be true only for purposes of determining the instant motion to dismiss.

On or about May 16, 2004, there was an explosion at 126 Valley Street, Sleepy Hollow, New York. This explosion prompted a criminal investigation into its cause. Notably, Plaintiff was among individuals involved in pumping gasoline out of the Sleepy Hollow fire boat earlier on the day of the explosion and in the vicinity of the explosion. On May 18, 2004, Plaintiff was interviewed by Defendants Moran and Brickwood, both criminal investigators with the Westchester County District Attorney's Office ("DA"), along with two other investigators who do not work for the DA's office[1], in connection with the investigation. At that interview, questions were raised as to the disposal of gasoline that had been pumped out the Sleepy Hollow fire boat the day of the explosion. Plaintiff audio-taped the interview without the knowledge of the investigators. The audio tape revealed that Plaintiff claimed during the interview that the gasoline was pumped out over a two day period – on May 16 and May 17, 2004. Also on the tape were Plaintiff's

---

[1] Although not referenced by name in the Complaint, it is believed that these two investigators work for Sleepy Hollow Police.

2

claims regarding the number of gasoline cans used and the manner in which he disposed of the gasoline.

Subsequently, grand jury proceedings were held in "the matter of the investigation into the explosion at 126 Valley Street, Sleepy Hollow, New York, on Sunday, May 16, 2004 at approximately 12:00 p.m., during the period from on or about October 18, 2004 to on or about November 3, 2004 in the Westchester County Supreme Court." During the grand jury proceedings, defendant Moran testified as to his recollection of the interview with the Plaintiff during the investigation. Defendant Moran testified that Plaintiff indicated he took gas cans into the firehouse and that during his interview, Plaintiff did not explain how and where the sixty-five to seventy gallons of gasoline were disposed of, when only six five-gallon containers were accounted for. Moran testified that Plaintiff indicated that he pumped out more than twice the amount of gasoline than could fit in the cans that were accounted for. According to Plaintiff, Moran's testimony created an inference that there were approximately forty gallons of gasoline unaccounted for, and that Plaintiff poured the gasoline down the sink in the firehouse. Plaintiff claims that there were in fact pictures of the containers allegedly holding the missing gasoline.

The grand jury voted a true bill, and on December 13, 2005, a sealed indictment was filed against Plaintiff, bearing number 05-1358. The indictment was unsealed at Plaintiff's arraignment in the County Court for the State of New York in Westchester County on December 20, 2005. Specifically, Plaintiff was charged as "aiding and abetting another Defendant and acting in concert with said defendant who was charged with two counts of assault in the second degree under PL § 120.05(4); two counts of assault in the second degree under PL § 120.05(6); two counts of assault in the third

degree under PL § 120.00(3); one count of reckless endangerment in the second degree under PL § 120.20; one count of official misconduct under PL § 190.00(1); one count of endangering the public health, safety and environment in the second degree under ECL § 71-2713(1); one count of endangering the public health, safety and environment in the fourth degree under ECL § 71-2711(3); one count of knowing violation of an industrial pre-treatment standard under ECL § 71-1933(4); one count of criminally negligent violation of an industrial pre-treatment standard under ECL § 71-1933(3); and (as amended) one count of criminally reckless violation of ECL § 27-0914 under ECL § 71-27-5(2)." Complaint at ¶ 10.

On or about April 5, 2006, the People of the State of New York ("People") received Plaintiff's motion for omnibus relief, in which he sought inspection of the grand jury minutes and dismissal of the charges based upon insufficiency of the evidence. The People opposed the motion, which was ultimately granted in part and denied in part. The Court did not dismiss the environmental crime charges and the charge of reckless endangerment in the second degree. Plaintiff engaged in additional motion practice attempting to obtain dismissal of the indictment, but on or about September 18, 2006, the Court commenced pretrial hearings, and witness statements were turned over.

Plaintiff alleges that Defendant's Moran's failure to accurately recite Plaintiff's versions of events to the grand jury was intentional and done in order to secure Plaintiff's indictment. Plaintiff also alleges that Defendant Brickwood similarly testified falsely at trial, in an attempt to obtain a guilty verdict. According to Plaintiff, Defendants ignored material information during the course of the investigation, including a description of a possible suspect which did not fit Plaintiff's description. Plaintiff further alleges that the

4

defendants conspired with each other to set the Plaintiff up for charges and breached a duty to Plaintiff to protect him from the unlawful acts of the other.

Plaintiff alleges that his counsel, the Court, and the People discovered the false testimony at the trial. Plaintiff was acquitted of all charges on October 17, 2006.

On or about September 20, 2007, Plaintiff commenced the instant action, claiming that the Defendants falsely prosecuted and imprisoned him and deprived him of his right to liberty and property without due process, in violation of New York state law and in violation of the United States Constitution, as made actionable by 42 U.S.C. § 1983. Plaintiff's Complaint does not allege compliance with the notice of claim requirements in the New York State General Municipal Law, and in fact, no such notice of claim was served.

## ARGUMENT

## POINT I

## DEFENDANTS ARE ENTITLED TO ABSOLUTE WITNESS IMMUNITY AND THE COMPLAINT FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983

A.    The Defendants Were Not Complaining Witnesses and the Grand Jury Indictment Creates an Unrebutted Presumption of Probable Cause

The Complaint against Investigators Moran and Brickwood is legally deficient and must be dismissed, as both are entitled to invoke the doctrine of absolute witness immunity. It is well established that the entire judicial process, and its participants, are entitled to immunity so that the ultimate goal of truth can be achieved unobstructed. See Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108 (1983); Butz v. Economu, 438 U.S. 478, 98 S.Ct. 2894 (1978); Imbler v. Pachtman, 424 U.S. 409, 96 S. Ct. 984 (1976) Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967). When speaking of immunity for prosecutors,

the United State Supreme Court has recognized that because the analysis focuses on the function performed rather than the way it is performed, certain sacrifices are made in connection with this concept. "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." Imbler at 427-428. This reasoning applies generally to absolute immunity since the determination precludes and analysis of the underlying merits of Plaintiff's claims or Defendants' motivation.

In Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108 (1983), the concept of absolute immunity was applied to a police officer who offered perjured testimony at the Plaintiff's criminal trial. Briscoe at 326. The Court rejected Plaintiff's argument that when police testify regarding the performance of their official duties, immunity does not apply even if the testimony is perjured. Id. at 326, 328. The Court, in reaching this conclusion, examined the concept of immunity, and acknowledged that immunity protects the entire judicial process and all witnesses, whether governmental, expert or lay. Id. at 334, 335.

This concept has been applied in the Second Circuit to conspiracies to present false testimony to a grand jury. San Filippo v. U.S. Trust Company of New York, Inc., 737 F.2d 246 (2d Cir. 1984). In so holding, the Court indicated that

> [i]t is settled under Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed. 2d 96 (1983), that a witness has absolute immunity from §1983 liability based on the substance of his trial testimony. Although the Court in Briscoe left the question open, id. at 1112 n. 5, it must follow that grand jury witnesses should be similarly protected. See Kincaid v. Eberle, 712 F.2d 1023 (7th Cir. 1983); cf. Dale v. Bartels, 552 F.Supp 1253, 1267-73 (S.D.N.Y. 1982) (finding such immunity pre-Briscoe). Thus, had plaintiff sued defendants on the basis of allegedly false grand jury testimony, and

6

had Judge Gagliardi denied defendants' motion for summary judgment on grounds of absolute immunity, that denial would be ripe for interlocutory review, and we believe, reversal, under <u>Nixon</u> and <u>Briscoe</u>.

As these concepts have evolved, the Second Circuit has articulated a very limited exception to the concept of absolute witness immunity involving the testimony of police officers when it would be actionable as the tort of malicious prosecution. A federal claim of malicious prosecution has the same elements as a state law claim -- (1) the defendant initiated or continued a criminal prosecution; (2) the criminal proceeding terminated in Plaintiff's favor; (3) there was a lack of probable cause for commencing the proceeding; and (4) defendant's actions were motivated by actual malice – with the additional element that there was a post-arraignment liberty deprivation of constitutional dimension. <u>Kinzer v. Jackson</u>, 316 F.3d 139, 143 (2d Cir. 2003); <u>Murphy v. Lynn</u> 903 F.Supp. 629,631-32 (S.D.N.Y. 1995) <u>citing</u> <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110 (2d Cir. 1995).

In <u>White v. Frank</u>, 855 F.2d 956 (2d Cir. 1988), the police officer defendants had presented perjured testimony in front of a grand jury. After defendants admitted to the perjury as a result of a criminal investigation into widespread police corruption, the Plaintiff's conviction was vacated. <u>Id</u>. at 957. Notably, in that case, the officers testified as eye-witnesses to an illegal narcotics sale to a confidential informant. <u>Id</u>. The Court held that while absolute immunity applies to grand jury testimony, a testifying officer can still be liable if his testimony caused the prosecution; in other words, if the officer could be deemed a complaining witness, similar to when he swears out a warrant. <u>Id</u>. at 961. In that connection, there must be some allegation (and ultimately proof) that the officer caused the prosecution. <u>Id</u>. at 962; <u>see also</u>, <u>Morillo v. City of New York</u>, 1997 U.S.

Dist. LEXIS 1665 (S.D.N.Y. 1997) (police officers could be liable when they testified as witness to drug/weapons crimes). Without such a claim, an essential element of malicious prosecution – that the defendant commenced or continued a criminal proceeding – is lacking, and the police officer witness is entitled to absolute immunity. See Mitchi v. Cunningham, 2007 U.S. Dist. LEXIS 69801, *11 (S.D.N.Y. 2007), citing Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991).

In the instant matter, the facts as alleged establish that, as a matter of law, the Defendants were not complaining witnesses and did not cause the criminal prosecution of Plaintiff. First, Defendant Brickwood testified only at the criminal trial, and not the grand jury. He did not swear out a warrant or arrest Plaintiff, nor is he alleged to have taken any action other than interviewing the Plaintiff two days after the explosion as part of an ongoing investigation, along with representatives from another police agency. Consequently, even if Defendant Brickwood failed to testify truthfully at trial[2], he is clearly protected by absolute witness immunity.

Defendant Moran is similarly protected by immunity. The facts set forth in the complaint establish that the grand jury was convened for purposes of determining the cause of the explosion and the identity of those individuals who may be culpable. Thus, contrary to a grand jury convened to indict a particular person (including a "John Doe") where police officer could, in certain circumstances, be deemed a "complaining witness", this grand jury was entitled "the matter of the investigation into the explosion at 126 Valley Street, Sleepy Hollow, New York, on Sunday, May 16, 2004 at approximately

---

[2] It should be noted here, that while the allegations must be accepted as true for purposes of the instant motion, the defendants assert that to the extent that there were any omissions or inaccuracies in their recitation of what the Plaintiff indicated to them two days after the explosion, these omissions and/or inaccuracies in recounting Plaintiff's version of events to both the grand jury and the trial Court were in no way intentional.

12:00 p.m., during the period from on or about October 18, 2004 to on or about November 3, 2004 in the Westchester County Supreme Court." There was no "complaining" witness. Indeed, as stated above, at least four officers from different agencies were investigating the circumstances of the explosion, a grand jury was convened for the purpose of identifying the cause of the explosion, and there were no indictments for over a year and a half. These circumstances dictate a finding that Defendant Moran's testimony at the grand jury was as a "mere" witness, and not as a complainant.

Indeed, this is entirely unlike the cases where a police officer is an eyewitness, for example, to an illegal narcotics sale; or an instance where he conducts an investigation, reaches a fabricated conclusion regarding probable cause and falsely swears out a warrant, causing a criminal prosecution. Rather, the defendants in this case are accused of failing to accurately report what the Plaintiff claims happened two days after the explosion. There are no factual allegations creating a plausible link between the failure to accurately recite Plaintiff's version of his alleged disposal of the gasoline to the grand jury, and his ultimate indictment. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (May 21, 2007) (in order to survive a motion to dismiss for failure to state a claim, Plaintiffs must allege enough facts to state a claim for relief that is plausible on its face).

Under the Criminal Procedure Law, a grand jury is authorized to indict a person when "competent and admissible evidence before it provides reasonable cause to believe that such person committed such offense." N.Y. Crim. Proc. Law § 190.65. Furthermore, when a grand jury indicts, there is a presumption of probable cause rebutted

only by factual allegations that make plausible a claim that the indictment itself was procured through fraud or perjury.  Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994); White v. Frank, supra, at 961.  Aside from the utter lack of a "complaining witness", the facts alleged in the complaint do not rebut the existence of probable cause insofar as they do not even arguably establish that it would have been lacking but for Moran's testimony regarding Plaintiff's claims during the interviews after the explosion.

Further, and as indicated above, there are no facts in the complaint from which it could be concluded that Plaintiff suffered the required post-arraignment deprivation of liberty necessary for a federal malicious prosecution claim.  Plaintiff claims he was indicted and arraigned in December of 2005, and tried in 2006.  In his recitation of the facts, Plaintiff fails to establish that any time post-arraignment, he was incarcerated and suffered an unconstitutional liberty deprivation.  Rather in a sweeping conclusory paragraph, plaintiff merely alleges "[t]he Defendants knowingly permitted the Plaintiff to be incarcerated and prosecuted on said charges all the while knowing that no credible evidence existed that implicated him."  Complaint at ¶31.  The facts of any incarceration would be easy enough to recite, yet there are none.  Nor are there any factual allegations to indicate that Plaintiff's movement was restricted; rather, the sole factual allegations relate to Plaintiff having to appear in Court to many times and defend himself.  The Complaint thus fails to contain facts which, if proven, would amount to a constitutional seizure.  See Murphy v. Lynn, 118 F.3d 938, 946 (2d Cir. 1997)(when constitutional right to travel is implicated, it is a seizure within the meaning of the fourth amendment); Nieves v. McSweeney, 241 F.3d 46, 55-57 (1st Cir. 2001)(mere court appearances not

sufficient to constitute liberty deprivation under fourth amendment); <u>Nadeau v. Anthony</u>, 2007 U.S.Dist. Lexis 8160, *10-15 (D. Conn. 2007).

Thus, three essential elements of malicious prosecution are lacking with respect to these defendants: they did not cause the criminal prosecution, there is an unrebutted presumption of probable cause, and there are no allegations to establish a liberty deprivation under the fourth amendment.[3]  The only facts alleged in the Complaint indicate that there was a criminal case ultimately involving multiple defendants where there was a gasoline explosion on the same day as the Sleepy Hollow fire department was siphoning gasoline out of their boat only blocks away.  The grand jury was presumably presented with evidence concerning the circumstances of that explosion involving not only Plaintiff, but other individuals who were ultimately charged as well.  The investigators were not – and have not been alleged to have been -- actual witnesses to the underlying events, and are not alleged to have been.  Again, this case should not turn on whether Plaintiff claimed to investigators two days after the explosion that he denied improperly disposing of the gasoline.  Plaintiff does not even allege as much, and certainly provides no facts from which one could reach that conclusion.  Consequently, both defendants are entitled to absolute witness immunity and the Complaint should be dismissed.

B.    <u>Allegations of a Conspiracy Between the Two Defendant Witnesses Do Not Defeat Absolute Immunity</u>

The Complaint alleges that Defendants acted jointly and in furtherance of a conspiracy to set Plaintiff up for the criminal charges.  However, it is well established in

---

[3]  To the extent plaintiff also attempts to make a claim for false imprisonment, this claim is not only legally deficient, <u>see</u> Point II, below, but cannot strip defendants of immunity relative to their grand jury and trial testimony since any such claim would not relate to the criminal prosecution.

the Second Circuit that when the underlying activity at issue is covered by absolute immunity, the Plaintiff derives no benefit from alleging a conspiracy. Pinaud v. County of Suffolk, 52 F.3rd 1139, 1147 (2d Cir. 1995); *see also*, Dorman v. Higgins, 821 F.2d 133, 139 (2d Cir. 1987) (since absolute immunity spares the official any scrutiny of his motives, an allegation that an act was done pursuant to a conspiracy has no greater effect than an allegation that it was done in bad faith or with malice, neither of which defeats a claim of absolute immunity). Insofar as both of the Defendants are entitled to absolute witness immunity, a claim that they conspired with each other to present false testimony cannot resuscitate Plaintiff's claim.

Moreover, the elements of a Section 1983 conspiracy are: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Blount v. Swiderski, 2006 US Dist Lexis 82889, *47 (2006 E.D.N.Y.), citing, Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999). While witnesses enjoy absolute immunity for their testimony, the Second Circuit has opined that the immunity does not extend to claims that they entered into an extra-judicial conspiracy to give false testimony. Dory v. Ryan, 25 F.3d 81, 84 (2d Cir. 1994); San Filippo v. U.S. Trust Co., 737 F.2d 246, 255 (2d Cir. 1984). Such conspiracies, however, must involve an individual acting under color of state law. See Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995).

In the instant matter, Defendants acted as private individuals when they testified and not in their official capacities and are entitled to immunity. See Robinson v. Kleinman, 1982 U.S. Dist Lexis 14669, *4 (S.D.N.Y. 1982), ("[police officer] witnesses

who testify at trial are not acting under color of state law within the meaning of 42 U.S.C. §1983"); see also Rolon v. Henneman, 443 F. Supp. 2d 532, 536 (S.D.N.Y. 2006); Storck v. Suffolk County Dep't of Soc. Servs., 62 F. Supp. 2d 927, 945 (E.D.N.Y. 1999) (citing Briscoe v. LaHue, 460 U.S. 325, 334, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983)).  Plaintiff not only fails to allege state action in connection with the purported conspiracy, but concedes that the state actor – the prosecutor – was not involved in the alleged conspiracy.  At paragraph forty-two of the Complaint, Plaintiff alleges that "Investigator Moran's perjured testimony was discovered by the Court and Counsel as well as the People of the State of New York during trial of said matter."  In the absence of allegations of an extra-judicial conspiracy, this conspiracy claim must be dismissed.

## POINT II

### PLAINTIFF'S STATE LAW CLAIMS ARE BARRED

A.    Plaintiff Did Not Comply with the New York State General Municipal Law and Any Claim of False Imprisonment is Time-Barred

Plaintiff's claims, although not separately designated as federal and state claims, seem to include alleged violations of New York State Law for malicious prosecution and false imprisonment.  However, Plaintiff failed to follow the condition precedent to the institution of state law claims against defendants.

New York State General Municipal Law Sections 50-e and 50-i (hereinafter "General Municipal Law") and New York State County Law Section 52 (hereinafter "County Law") provide that service of a notice of claim within ninety days after the claim arises is a condition precedent to the commencement of an action sounding in tort against a municipality.  Specifically, Section 52 of the County Law provides that,

[a]ny claim or notice of claim against a county for damage, injury, death, or for invasion of personal or property rights, of every name and nature, and whether casual or continuing trespass or nuisance and any other claim for damages arising at law or in equity, alleged to have been caused or sustained in whole or in part by or because of any misfeasance, commission of duty, negligence or wrongful act on the part of the county, its officers, agents, servants or employees, must be made and served in compliance with section fifty-e of the general municipal law.

Furthermore, Section 50-i of the General Municipal Law imposes the further duty upon plaintiffs to plead that at least thirty days has elapsed since the notice was served and payment has been neglected or refused. General Municipal Law §50-i(1).

A notice of claim is required for all state law tort claims against a municipal entity or someone who the municipal entity must defend and/or indemnify pursuant to law. See General Municpal Law Section 50-e. This requirement applies to claims sounding in negligence as well as intentional torts such as false arrest, malicious prosecution and abuse of process. See Garcia v. NYPD PCT 41, 1997 U.S. Dist. LEXIS 13656 at *12-14 (S.D.N.Y. 1997); Stevenson v. City of New York, 248 A.D.2d 248 (1st Dep't 1998); Guzman v. City of New York, 236 A.D.2d 444 (2d Dep't 1997); Mojica v. New York City Transit Authority, 117 A.D.2d 722 (2d Dep't 1986).

Failure to comply with the notice of claim requirements is a fatal defect, and is grounds for dismissal of the state law tort claims. Washington Square Post # 1212 v. City of New York, 808 F.Supp. 264, 271 (S.D.N.Y. 1992); Rattner v. Planning Comm'n of Village of Pleasantville, 156 A.D.2d 521 (2d Dept. 1989); Grieco v. Memorial Hospital of Greene County, 385 F.Supp. 798, 799 (S.D.N.Y. 1974); Dill v. County of Westchester, 5 Misc. 2d 869, 871 (Sup. Ct. Westchester Co. 1957), aff'd, 4 A.D.2d 779 (1st Dept. 1957) ("defendants may avail themselves of the requirements of Section 50-e by virtue of Section 52 of the County Law, which provides that no action shall be maintained against

14

an officer, agent or employee of a county unless a notice of claim was filed against the county in accordance with Section 50-e of the General Municipal Law."). This requirement has been strictly construed by the federal courts. *See* Garcia v. NYPD PCT 41, 1997 U.S. Dist. LEXIS 13656 at *12-14 (S.D.N.Y. 1997); Malone v. McHugh, 797 F.Supp. 154 ( E.D.N.Y. 1991).

Moreover, courts have held that failure to allege the satisfaction of the condition precedent, i.e., that a notice of claim has been served on the municipality, that at least thirty days have elapsed since such service, and that payment has been neglected or refused, constitutes failure to state a cause of action and is grounds for dismissal. Seabreeze Marina v. Smithtown, Inc., 25 A.D.2d 780 (2d Dept. 1966).

Plaintiff did not serve and file a notice of claim within the ninety-day period prescribed by statute, not did he allege in his Complaint that he has done so. This statute, as noted above, requires notice to the County where, as here, the employees are entitled to defense and/or indemnification pursuant to law. Thus, all of Plaintiff's state tort claims are barred.

Furthermore, to the extent there could exist a plausible false imprisonment claim (and as stated below, there cannot), such a claim would presently be barred by the statue of limitations. A claim for false imprisonment, if any, does not require termination favorable to the accused, and accrues at time of arraignment, when the criminal process beings. See Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Tunia v. State of New York, 106 Misc. 2d 601, 434 N.Y.S.2d 846 (Ct. of Claims 1978). Inasmuch as the Plaintiff makes no claim of an arrest by Defendants, and claims only that his indictment was unsealed at his arraignment on December 20, 2005, the one year and

ninety day statute of limitations for a false imprisonment claim had long expired on September 20, 2007, the date Plaintiff filed the Complaint in the instant matter.  General Municipal Law §50-i.

Based on the foregoing, there can be no claim for either false imprisonment or malicious prosecution and any state law claims should be dismissed.[4]

B.    The Complaint Fails to State a Claim for Malicious Prosecution or False Imprisonment

1.    Plaintiff Fails to State a Claim for Malicious Prosecution

Assuming that Plaintiff's utter failure to comply with New York State General Municipal Law is not fatal to his state law claims, these claims should still be dismissed. Under New York law, to prevail on a claim for malicious prosecution, plaintiff must plead and prove the following four elements: (1) that defendant commenced or continued a criminal proceeding against him; (2) the proceedings terminated in favor of the plaintiff; (3) that no probable cause for the criminal proceeding existed; and (4) the criminal proceeding was instituted with actual malice. See  Fulton v. Robinson, 289 F.3d 188, 195-96 (2d Cir. 2001); Posr v. Court Officer Shield #207, et al, 180 F.3d 409 (2d Cir. 1999); Riccicuti v. NYC Transit Authority, 124 F.3d 123, 130 (2d Cir. 1997); Singer v. Fulton County Sheriff, 63 F.3d 110, 116-117 (2d Cir. 1995).

As described in Point I above, neither defendant Moran, who testified as a witness in the grand jury proceedings, nor defendant Brickwood, who testified at trial, can be

---

[4]  While not set forth specifically as claims, Plaintiff mentions negligent and intentional infliction of emotional distress. Notably, to the extent these claims are raised, they too required a notice of claim, and are barred by the statute of limitations. Further, the Complaint fails to state a claim for either. See Howell v. New York Post Co., 81 N.Y.2d 115, 122-23 (1993); Hansel v. Sheridan, 991 F. Supp. 69, 75 (N.D.N.Y. 1998); McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc., 256 A.D.2d 269, 682 N.Y.S.2d 167, 169 (1st Dep't 1998).

deemed to be complaining witnesses such that they caused the commencement of a criminal proceeding. Moreover, the grand jury indictment created a presumption of probable cause, which can only be overcome with specific facts to show that the probable cause determination itself was the result of fraud or perjury by defendants. Since Plaintiff has pled no set of facts which, if proven, could illustrate either (a) that one of the defendants was a complaining witness or (b) that the lynchpin of the probable cause determination was defendant Moran's testimony concerning Plaintiff's account of his pumping and disposal of the gasoline, the malicious prosecution claim must be dismissed.

2.    Plaintiff Fails to State a Claim for False Imprisonment

Although Plaintiff references the tort of false imprisonment in his Complaint, the facts of this case do not in any way fit into the definition of such a claim.

"State law claims for false arrest and false imprisonment are substantially identical to a constitutional false arrest and false imprisonment claims pursuant to § 1983 predicated on a violation of the Fourth Amendment... False arrest is a type of false imprisonment; the two claims have identical elements [citations omitted]" Kirk v. Metropolitan Transp. Auth., 2001 U.S. Dist. LEXIS 2786 (S.D.N.Y 2001).

To recover on a state claim for false arrest or false imprisonment, a plaintiff must demonstrate that the defendants, acting under color of law, intended to confine the Plaintiff without his consent and without privilege. The existence of probable cause to arrest is a complete defense to claim for false arrest and false imprisonment. Singer, supra at 118; Fulton, supra at 195; Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). The tort of false imprisonment involves an arrest or confinement without a warrant, as opposed to malicious prosecution, which involves the fraudulent application for an arrest

17

warrant or the perjured testimony of a complaining witness who causes a prosecution.

<u>Rosado v. New York City Transit Authority</u>, 827 F.Supp. 179 (S.D.N.Y. 1989).

In addition to the presumption of probable cause created by the grand jury indictment in the instant matter, the defendants did not arrest or otherwise detain Plaintiff.  They testified in connection with judicial proceedings.  Thus, there can be no claim for false imprisonment.

## **CONCLUSION**

Based on the foregoing, the claims against defendants Moran and Brickwood should be dismissed in their entirety.

Dated:　　　White Plains, New York
　　　　　　November 16, 2007

　　　　　　　　　　　　CHARLENE M. INDELICATO
　　　　　　　　　　　　Westchester County Attorney

　　　　　　　　　　　　By Hillary J. Raimondi (HR-0198)
　　　　　　　　　　　　Associate County Attorney, of Counsel
　　　　　　　　　　　　148 Martine Avenue
　　　　　　　　　　　　White Plains, New York 10601
　　　　　　　　　　　　(914) 995-3671