Get a Document - by Citation - 1982 U.S. Dist. LEXIS 14669    Page 1 of 5

Case 7:07-cv-08214-CS-MDF    Document 3-2    Filed 11/16/2007    Page 1 of 24

LexisNexis® *Total Research System*

Switch Client ⁞ Preferences ⁞ Sign Off ⁞ ? Help

History ⁞ 🖰

Search | Research Tasks | Get a Document | Shepard's® | Alerts

Service: **Get by LEXSEE®**
Citation: **1982 U.S. Dist. LEXIS 14669**

*1982 U.S. Dist. LEXIS 14669, ***

WILLIE JAMES ROBINSON, Plaintiff, against JUSTICE ALFRED KLEINMAN, ROBERT MORGENTHAU, SONIA SOTOMAYOR, JACK MOSCATO, POLICE OFFICER DENNEHY, Defendants.

No. 82 Civ. 1421 (CBM)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1982 U.S. Dist. LEXIS 14669

September 1, 1982

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff inmate brought an action against defendant judge, prosecutors, and police officers under 42 U.S.C.S. § 1983, in which he alleged that his conviction for burglary in the second degree was a result of violations of his civil rights. The defendants filed motions to dismiss the case under Fed. R. Civ. P. 12(b)(6).

**OVERVIEW:** The inmate was convicted of burglary. He brought an action against the arresting officers, the judge, and the prosecutors under 42 U.S.C.S. § 1983, alleging violations of his civil rights, and he sought a declaratory judgment that his rights were violated. The officers, judge, and prosecutors each filed a motion to dismiss. The court granted all motions to dismiss the civil rights action. The court also dismissed the declaratory judgment action. The court held that judges and prosecutors were immune from civil rights actions under § 1983. The court further ruled that the officers were exonerated from liability by the fact that their arrest resulted in a conviction. In order to maintain an action against the officers it was necessary that the inmate be acquitted. The court further held that habeas corpus was the proper relief for any constitutional violations of the inmate's civil rights, not a declaratory judgment action.

**OUTCOME:** The court dismissed the inmate's civil rights and declaratory judgment actions.

**CORE TERMS:** immunity, immune, civil rights, civil suit, police officers, exhaustion, state law, district attorney, declaratory judgment, declaratory relief, failure to state a claim, state remedies, false arrest, false testimony, malicious prosecution, constitutional rights, prosecutorial, privileged, sentence, corpus, color, specifying, altered

⊟ **Hide**

## LEXISNEXIS® HEADNOTES

Civil Procedure > Judicial Officers > Judges > General Overview 🔍
Governments > Courts > Judicial Immunity 🔍

Torts > Public Entity Liability > Immunity > Judicial Immunity
*HN1* Judges are immune from suits under 42 U.S.C.S. § 1983.  More Like This Headnote

Civil Rights Law > Civil Rights Acts > Civil Rights Act of 1964
Torts > Intentional Torts > False Arrest > General Overview
Torts > Intentional Torts > Malicious Prosecution > Elements > Favorable Termination
*HN2* In order to maintain an action for false arrest or malicious prosecution, plaintiff must allege that the prosecution resulted favorably for plaintiff; a conviction defeats plaintiff's action.  More Like This Headnote

Civil Rights Law > Civil Rights Acts > Civil Rights Act of 1964
Civil Rights Law > Section 1983 Actions > Government Actions
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview
*HN3* Witnesses who testify at trial are not acting under color of state law within the meaning of 42 U.S.C.S. § 1983.  More Like This Headnote

Civil Rights Law > Immunity From Liability > Court Personnel & Judges
Civil Rights Law > Immunity From Liability > Private Parties
*HN4* The common law rule that witnesses are absolutely immune from civil suits arising from their testimony in judicial proceedings, even if such testimony is perjurious, is applicable to civil rights actions.  More Like This Headnote

Civil Rights Law > Immunity From Liability > Court Personnel & Judges
Torts > Public Entity Liability > Immunity > Judicial Immunity
*HN5* State prosecutors are immune from civil suits for damages when the suits are based on their actions in initiating and presenting criminal cases.  More Like This Headnote

Criminal Law & Procedure > Habeas Corpus > Exhaustion of Remedies > Prerequisites
*HN6* The proper remedy for alleged constitutional violations in a conviction and sentence is a writ of habeas corpus, which requires exhaustion of state remedies.  More Like This Headnote

**COUNSEL:** **[*1]**  WILLIE JAMES ROBINSON, Clinton Correctional Facility, Box 367, Dannemora, New York 12929, Plaintiff *Pro Se.*

ROBERT ABRAMS, Attorney General of the State of New York, BY: Ellen S. Weisburd, Deputy Assistant Attorney General, Two World Trade Center, New York, New York 10047, for Defendant Kleinman

ROBERT M. MORGENTHAU, District Attorney of New York Court, BY: Debora K. Grobman, Assistant District Attorney, One Hogan Place, New York, New York 10013, for Defendants Morgenthau and Sotomayor

FREDERICK A. O. SCHWARZ, JR., Corporation Counsel, BY: Elissa Hutner, Assistant Corporation Counsel, 100 Church Street, New York, New York 10007, for Defendants Moscato and Dennehy.

**OPINION BY:** MOTLEY

**OPINION**

CONSTANCE BAKER MOTLEY, CHIEF JUDGE

MEMORANDUM OPINION AND ORDER

Plaintiff Willie James Robinson, a prisoner at Clinton Correctional Facility, is serving a sentence of two and one half to seven and one half years imprisonment upon his conviction for burglary in the second degree. He initiated this suit pursuant to 42 U.S.C. § 1983 to obtain redress for alleged violations of his civil rights. The complaint contains a variety of allegations of misconduct by the District Attorney of New [*2] York County, Robert M. Morgenthau, an assistant district attorney in his office, Sonia Sotomayor, police officers Moscato and Dennehy, and Justice Kleinman of the New York Supreme Court. Plaintiff is seeking damages in excess of one million dollars, and a declaratory judgment that defendants violated his civil rights.

Each of the defendants has moved to dismiss the complaint purusant to Rule 12(b) (6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the following reasons, each defendant's motion to dismiss is granted.

I. PLAINTIFF'S CLAIM AGAINST JUSTICE KLEINMAN. Plaintiff alleges that Justice Kleinman proceeded with his trial despite plaintiff's repeated pleas of exhaustion. Plaintiff is apparently claiming that defendant Kleinman abused his discretion by not acknowledging plaintiff's complaint and adjourning the trial.

Plaintiff's claim against the judge is barred by the doctrine of judicial immunity. In Pierson v. Ray, 386 U.S. 547 (1967), the Supreme Court delcared that *HN1*judges are immune from suits under section 1983. In Fanale v. Sheehy, 385 F.2d 866 (2d Cir. 1967), the Second Circuit Court of Appeals observed [*3] that: "The immunity rule is designed to promote "principled and fearless decision-making" by removing a judge's "fear that unsatisfied litigants may hound him with litigation charging malice or corruption." Pierson v. Ray, 386 U.S. at 554, 87 S. Ct. at 1218." Id. at 868.

As the acts of Justice Kleinman were clearly judicial acts and discretionary, they are privileged, and he is immune from civil suit by a party aggrieved by them. Stump v. Sparkman, 435 U.S. 349 (1978); Gregoire v. Biddle, 177 F.2d 379 (2d Cir. 1949).

For the foregoing reasons, defendant Kleinman's motion for dismissal is granted.

II. PLAINTIFF'S CLAIM AGAINST DEFENDANTS MOSCATO AND DENNEHY. Plaintiff claims that officers Moscato and Dennehy violated his civil rights by arresting him and by testifying falsely at this trial.

*HN2*In order to maintain an action for false arrest or malicious prosecution, plaintiff must allege that the prosecution resulted favorably for plaintiff; a conviction defeats plaintiff's action. See Pierson v. Ray, 386 U.S. at 557; Singleton v. City of New York, 632 F.2d 185, 195 (2d Cir. 1980). In the instant case, plaintiff alleges that he was indicted, tried, and convicted by a jury [*4] subsequent to his arrest. Hence, his action for false arrest or malicious prosecution is defeated because his conviction is conclusively established by the record. See Brady v. Penn Central Transportation Co., 406 F. Supp. 1239 (S.D.N.Y. 1975).

With respect to plaintiff's claim that the defendant police officers are liable in damages for false testimony given by them at his trial, the court notes that *HN3*witnesses who testify at trial are not acting under color of state law within the meaning of 42 U.S.C.§ 1983. Stambler v. Dillon, 302 F. Supp. 1250, 1255 (S.D.N.Y. 1969). See Bennett v. Passic, 545 F.2d 1260,

Get a Document - by Citation - 1982 U.S. Dist. LEXIS 14669    Page 4 of 24

Case 7:07-cv-08214-CS-MDF    U.S. Document 13-4669    Filed 11/16/2007    Page 4 of 5

1263-64 (10th Cir. 1976).

Additionally, *HN4* the common law rule that witnesses were absolutely immune from civil suits arising from their testimony in judicial proceedings, even if such testimony was perjurious, see Sacks v. Stecker, 60 F.2d 73, 75 (2d Cir. 1932); Yaselli v. Goff, 12 F.2d 396, 403 (2d Cir. 1926), aff'd, 275 U.S. 503 (1927), has been held applicable to civil rights actions. Lofland v. Meyers, 442 F. Supp. 955, 959 (S.D.N.Y. 1977). See Burke v. Miller, 580 F.2d 108, 109 (4th Cir. 1978) ( § 1983 action). See also Imbler v. Pachtman, 424 U.S. 409, 439-40 (1976) [*5] (White, J., concurring) (witness immunity should be as extensive as prosecutorial immunity).

Therefore, both on the ground of lack of action under color of state law by defendants Moscato and Dennehy, and on the ground of witness immunity, plaintiff's claim based on the alleged false testimony of the police officers must be dismissed. Accordingly, the motion to dismiss of defendants Moscato and Dennehy is granted.

III. PLAINTIFF'S CLAIM AGAINST DEFENDANTS MORGENTHAU AND SOTOMAYOR. In his complaint, plaintiff fails to attribute any acts to defendant Morgenthau. However, plaintiff does allege, without specifying defendant Morgenthau, that the "defendants and their agents" violated his constitutional rights, altered documents, and withheld evidence. He also claims, again without specifying defendant Morgenthau, that the facts he sets forth disclose a "concert [sic] and systematic effort by defendants and their agents to deprive plaintiff of constitutionally secured rights." Presumably, defendant Morgenthau is being charged solely as a result of the actions of his trial deputy, Sonia Sotomayor. Plaintiff alleges that her arguments at trial contained factual allegations which were untrue, and that she altered documents connected with his case.

[*6] *HN5* State prosecutors are immune from civil suits for damages when the suits are based on their actions in initiating and presenting criminal cases. Imbler v. Pachtman, 424 U.S. 409 (1976). Every one of Sotomayor's purported wrongful acts (which the complaint also attributes to defendant Morgenthau) is clearly post-arrest and prosecutorial in nature. These acts are therefore privileged, and the defendants are immune from this suit. See Lee v. Willins, 617 F.2d 320, (2d Cir.) cert. denied, 449 U.S. 861 (1980).

Therefore, the motion to dismiss of defendants Morgenthau and Sotomayor is granted.

IV. PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF. In addition to damages, plaintiff seeks a declaratory judgment that the defendants' actions violated his constitutional rights. Although he brought this action pursuant to 42 U.S.C. § 1983, plaintiff's primary claim appears to be that his conviction and sentence were improperly rendered. See Preiser v. Rodriquez, 411 U.S. 475, 500 (1973). As this court stated in Doe v. Russotti, 503 F. Supp. 942, 944 (S.D.N.Y. 1980), "[T]he *HN6* proper remedy for these alleged constitutional [*7] violations is a writ of habeas corpus, which requires exhaustion of state remedies." Plaintiff has not exhausted these remedies, and his request for declaratory relief is dismissed.

In conclusion, plaintiff's complaint is dismissed as to each of the named defendants for failure to state a claim upon which relief can be granted. This dismissal is without prejudice to his right to petition this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, upon exhaustion of his state remedies. This action is hereby discontinued.

Service:  Get by LEXSEE®
Citation:  1982 U.S. Dist. LEXIS 14669
View:  Full
Date/Time:  Thursday, November 15, 2007 - 11:21 AM EST

http://www.lexis.com/research/retrieve?_m=6bcf7edd7274d06c4800c693cf82c103&csvc...    11/15/2007

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

 LexisNexis®   About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 13656    Page 6 of 10

Case 7:07-cv-08214-CS-MDF    Document 13656    Filed 11/16/2007    Page 6 of 24

**LexisNexis®** *Total Research System*

Switch Client ⦙ Preferences ⦙ Sign Off ⦙ ? Help

Search ⦙ Research Tasks ⦙ Get a Document ⦙ *Shepard's®* ⦙ Alerts

History 🖰

Service: **Get by LEXSEE®**
Citation: **1997 US Dist Lexis 13656**

*1997 U.S. Dist. LEXIS 13656, \**

FRANK GARCIA, Plaintiff, - against - NYPD PCT 41, SGT. LLORENS, JOHN DOE # 1, JOHN DOE # 2, JOHN DOE # 3, JOHN DOE # 4, JOHN DOE # 5, DET. KING, PORCINI, RAMIREZ, P.O. CORDERO, VACARO, GEBERTH, OLAH, MOLINA, NYC HOUSING AUTH., RODNEY BROWN, SHIELD # 02577, Defendants.

95 Civ. 10471 (LAP)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

1997 U.S. Dist. LEXIS 13656

September 5, 1997, Decided
September 10, 1997, Filed

**DISPOSITION:** **[\*1]** Defendants' motions to dismiss granted in their entirety.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff's pro se complaint was brought under 42 U.S.C.S. § 1983 and state tort law and alleged causes of action arising out of three arrest incidents. Defendants were a police department precinct, a city agency, and various individual officers and employees. This matter was before the court on defendants' motions to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**OVERVIEW:** The court gave the pro se complaint a liberal interpretation but noted that basic rules of pleading still applied. The claim based on 18 U.S.C.S. § 241 alleging a conspiracy to deprive plaintiff of his constitutional rights was dismissed because that statute was a criminal statute that provided no private right of action. New York's three-year statute of limitations was applicable to the § 1983 action, so claims based on an arrest that occurred more than three years prior to filing of the action were time-barred. Plaintiff's pendent state law claims were similarly time-barred. Plaintiff failed to allege that he had given notice of his claims to New York City as required by N.Y. Gen. Mun. Law § 50-e, so those claims were dismissed. The specific police department precinct named in the complaint was dismissed because it was not a suable entity. All such claims were required to be brought against the City of New York under N.Y. City, New York, City Charter § 396. The claims against the city agency were dismissed because there was no allegation of a policy, custom, or practice by the agency and a city could not be held liable for § 1983 claims under the doctrine of respondeat superior.

**OUTCOME:** The court granted defendants' motions to dismiss in their entirety.

**CORE TERMS:** notice of claim, pro se, statute of limitations, arrest, false arrest, kidnapping, law claims, entity, imprisonment', time-barred, Municipal Law, suable, false imprisonment, failure to file, claims arising, condition precedent, involvement, forming, notice, custom, controlled substance, acquitted, arrested, state law, failure to comply,

failed to respond, summary judgment, citation omitted, accrual date, commencement

**LEXISNEXIS® HEADNOTES**                                                    ⊟ **Hide**

    Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Failures to State Claims

    Civil Procedure > Pleading & Practice > Defenses, Demurrers, & Objections > Motions to Dismiss

*HN1* In deciding a motion to dismiss, the court must view the complaint in the light most favorable to the plaintiff. The court must accept as true the factual allegations stated in the complaint, and draw all reasonable inferences in favor of the plaintiff. A motion to dismiss can only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. More Like This Headnote

    Civil Procedure > Pleading & Practice > Pleadings > Rule Application & Interpretation

    Civil Procedure > Parties > Self-Representation > Pleading Standards

    Civil Procedure > Discovery > Privileged Matters > Work Product > General Overview

*HN2* The court must judge pro se pleadings by a more lenient standard than that accorded to formal pleadings drafted by lawyers. The court reads the pro se party's supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest. Pro se pleadings are given a liberal construction. Nevertheless, proceeding pro se does not altogether relieve a plaintiff from the usual pleading requirements. A pro se party's bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment. The work product of pro se litigants should be generously and liberally construed, but the pro se's failure to allege either specific facts or particular laws that have been violated renders his attempt to oppose a motion ineffectual. The liberal standard accorded to pro se pleadings is not without limits, and all normal rules of pleading are not absolutely suspended. More Like This Headnote |
*Shepardize:* Restrict By Headnote

    Civil Procedure > Pleading & Practice > Motion Practice > Content & Form

    Civil Procedure > Pleading & Practice > Motion Practice > Supporting Memoranda

*HN3* See U.S. Dist. Ct., S.D.N.Y., Civ. R. 7.1.

    Civil Rights Law > General Overview

*HN4* 18 U.S.C.S. § 241 is a purely criminal statute; thus, there is no private right of action under § 241. More Like This Headnote | *Shepardize:* Restrict By Headnote

    Torts > Intentional Torts > False Arrest > General Overview

    Torts > Intentional Torts > False Imprisonment > General Overview

    Torts > Procedure > Statutes of Limitations > General Overview

*HN5* Because Congress has not established a federal statute of limitations for actions brought in federal court under 42 U.S.C.S. § 1983, federal courts sitting in New York are obligated to apply the analogous New York statute of limitations. Following this directive, courts have consistently found that the three-year limitations period that applies to causes of action created by statute is most appropriate for § 1983 suits brought against individual defendants in federal courts in New York. Despite the application of a state statute of limitations, federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a § 1983 action. Under federal law, a claim accrues when a plaintiff knows of or should know of the injury forming the basis of a claim. Thus, the date of arrest triggers the accrual date for any subsequent action under § 1983, including claims both for

false arrest, imprisonment and kidnapping.  More Like This Headnote |
*Shepardize:* Restrict By Headnote

Torts > Intentional Torts > Defamation > Defenses > Statutes of Limitations 📑
Torts > Intentional Torts > False Arrest > General Overview 📑
Torts > Intentional Torts > False Imprisonment > Defenses > Statutes of Limitations 📑
*HN6* Under N.Y. C.P.L.R. § 215(3) (1995), an action to recover damages for assault,
battery, false imprisonment, malicious prosecution, libel, slander, false words
must be commenced within one year.  More Like This Headnote |
*Shepardize:* Restrict By Headnote

Civil Procedure > Pleading & Practice > Pleadings > Complaints > General Overview 📑
Governments > Legislation > Statutes of Limitations > Time Limitations 📑
Torts > Public Entity Liability > Liability > Claim Presentation > General Overview 📑
*HN7* N.Y. Gen. Mun. Law § 50-e (1995) requires an individual to file a notice of claim
with the New York City Comptroller before commencing any action for damages
against New York City or its employees.  More Like This Headnote |
*Shepardize:* Restrict By Headnote

Governments > Local Governments > Claims By & Against 📑
Torts > Public Entity Liability > Liability > Claim Presentation > General Overview 📑
*HN8* See N.Y. Gen. Mun. Law § 50-e(1)(a) (1995).

Governments > Local Governments > Claims By & Against 📑
Governments > Local Governments > Finance 📑
Torts > Public Entity Liability > Liability > Claim Presentation > General Overview 📑
*HN9* A notice of claim provision provides a municipality the opportunity to assess a
claim and explore the possibility of settlement without becoming burdened by the
expense and risk of needless litigation. It is well settled that the purpose of a
statutory notice of claim requirement, N.Y. Gen. Mun. Law § 50-e (1995), is to
afford the public corporation an adequate opportunity to investigate the
circumstances surrounding the accident and to explore the merits of the claim
while information is still available.  More Like This Headnote |
*Shepardize:* Restrict By Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations 📑
Torts > Intentional Torts > False Arrest > General Overview 📑
Torts > Procedure > Statutes of Limitations > General Overview 📑
*HN10* N.Y. Gen. Mun. Law § 50-e(5) (1995) provides that the time in which a late
notice may be filed shall not exceed the time limited for the commencement of
an action by the claimant against the public corporation.  More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations 📑
Governments > Local Governments > Claims By & Against 📑
Real Property Law > Zoning & Land Use > Building & Housing Codes 📑
*HN11* Under N.Y. Pub. Hous. Law § 157(2), a plaintiff must file a notice of claim within
90 days of the incident forming the basis of a claim. Filing such a notice of claim
is a condition precedent to bringing state law claims against the New York City
Housing Authority.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Governments > Local Governments > Charters 📑
Governments > Local Governments > Claims By & Against 📑

Get a Document - by Citation - 1997 U.S. Dist. LEXIS 13656

Case 7:07-cv-03214-CS-MDF U.S. Document 13656 Filed 11/16/2007 Page 9 Page 4 of 10

*HN12* See N.Y. City, New York, City Charter § 396.

Governments > Local Governments > Charters
Governments > Local Governments > Claims By & Against
*HN13* As an agency of the City of New York, the Police Department is not a suable entity. Nor is the 41st Precinct, a subdivision of the Police Department, a suable entity. More Like This Headnote

Civil Rights Law > Section 1983 Actions > Government Actions
Civil Rights Law > Section 1983 Actions > Law Enforcement Officials > General Overview
Governments > Local Governments > Claims By & Against
*HN14* A plaintiff may not recover for alleged 42 U.S.C.S. § 1983 violations against a municipal entity under a theory of respondeat superior. Rather plaintiff must allege direct personal involvement of an individual and the municipality or the existence of a policy, custom, or practice of the municipality in order to recover under § 1983. More Like This Headnote

**COUNSEL:** FRANK GARCIA, plaintiff, Pro se, Bronx, NY.

For NYPD PCT 41, P.O. CORDERO, VACARO, GEBERTH, OLAH, MOLINA, RODNEY BROWN, defendants: Norma Kerlin, Corporation Counsel of the City of NY, New York, NY.

For RODNEY BROWN, defendant: Mariann Marshall, New York, NY.

**JUDGES:** LORETTA A. PRESKA, United States District Judge.

**OPINION BY:** LORETTA A. PRESKA

**OPINION**

*MEMORANDUM AND ORDER*

LORETTA A. PRESKA, United States District Judge:

This § 1983 action arises out of the alleged false arrest, imprisonment and kidnapping of *pro se* plaintiff Frank Garcia by various members of the 41st Precinct of the New York Police Department. The New York City Police Department's 41st Precinct ("41st Precinct") and its individually named employees as well as the New York City Housing Authority ("NYCHA") and Rodney Brown ("Brown") have each moved separately to dismiss portions of plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants originally attempted to file their motion papers on March 28, 1997 without plaintiff's response. Although plaintiff was originally obligated to respond to defendants' **[*2]** motions by March 14, 1997, in an order dated April 1, 1997, I granted plaintiff an extension to April 15, 1997 in which to serve his response and ordered that defendants' motions would be *sub judice* upon that date regardless of any failure to respond. In the interim, in an order dated April 8, 1997, I directed the Clerk of the Court to unfile defendants' motion for failure to comply with Rule 15 of my individual rules, which directs that no motion be filed until all responsive papers are served. Plaintiff failed to respond by April 15, 1997, [1] and defendants' filed their motions to dismiss on April 20, 1997. For the reasons that follow, defendants' motions are granted.

**FOOTNOTES**

1 In fact, plaintiff had failed to respond by August 15, 1997.


## BACKGROUND

Plaintiff originally commenced this *pro se* action on December 13, 1995. That complaint was dismissed by order of the Honorable Thomas P. Griesa without prejudice to file an amended complaint within 60 days of the order. Plaintiff filed an amended complaint **[*3]** on February 14, 1996. In his amended complaint, plaintiff asserts claims under both state law and under 42 U.S.C. § 1983 based on three distinct incidents.

With respect to the first incident, plaintiff alleges that on December 18, 1991 he was falsely arrested for the criminal sale of a controlled substance in the third degree. (Amended Complaint ("Compl.") dated February 14, 1996, P 3). Plaintiff asserts claims for false arrest, imprisonment and kidnapping based on this incident against John Does # 1 through # 5 as well as against the 41st Precinct, Sgt. Llorens and other officers of the 41st Precinct. (*Id.*). Plaintiff was subsequently tried and acquitted of criminal charges on January 25, 1993. (*Id.*).

The second incident forming the basis of plaintiff's claims occurred on December 21, 1992. On this date, plaintiff was arrested and charged with knowingly and unlawfully possessing a controlled substance with the intent to sell. (*Id.* P 4). Plaintiff was subsequently acquitted of these charges on September 12, 1994. (*Id.*).

The third incident occurred on July 2, 1993. On this date plaintiff was arrested by Brown and charged with the criminal sale of a controlled substance **[*4]** in the third degree and criminal possession in the 5th degree with the intent to sell. (*Id.* P 5). Plaintiff does not allege that he was acquitted of these charges.


## DISCUSSION

### I. Standard Applicable to a Motion to Dismiss

*HN1* In deciding a motion to dismiss, I must view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 237, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974); *Yoder v. Orthomolecular Nutrition Inst., Inc.*, 751 F.2d 555, 562 (2d Cir. 1985). I must accept as true the factual allegations stated in the complaint, *Zinermon v. Burch*, 494 U.S. 113, 118, 108 L. Ed. 2d 100, 110 S. Ct. 975 (1990), and draw all reasonable inferences in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972); *Hertz Corp. v. City of New York*, 1 F.3d 121, 125 (2d Cir. 1993), *cert. denied*, 510 U.S. 1111, 127 L. Ed. 2d 375, 114 S. Ct. 1054, 114 S. Ct. 1055 (1994). A motion to dismiss can only be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 **[*5]** L. Ed. 2d 80, 78 S. Ct. 99 (1957).

Further, because Mr. Garcia filed this action *pro se*, I *HN2* must judge his pleadings by a more lenient standard than that accorded to "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594, *reh'g denied*, 405 U.S. 948, 30 L. Ed. 2d 819, 92 S. Ct. 963 (1972); *accord Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("We read [the *pro se* party's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest."); *Hanlin v. Mitchelson*, 794 F.2d 834, 838-39 (2d Cir. 1986) (citing *Haines* to support the principle that *pro se* pleadings are given a liberal construction); *see Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988) (referring to the "special solicitude" afforded *pro se* litigants when confronted with motions for summary

judgment).

Nevertheless, proceeding *pro se* does not altogether relieve Mr. Garcia from the usual pleading requirements. *See Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (holding that a "*pro se* party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome **[*6]** a motion for summary judgment") (citing *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)), *reh'g granted on other grounds*, 914 F. Supp. 1004 (S.D.N.Y. 1996); *Kadosh v. TRW, Inc.*, 1994 U.S. Dist. LEXIS 17390, No. 91 Civ. 5080 (PKL), 1994 WL 681763, at *5 (S.D.N.Y. Dec. 5, 1994) ("The work product of *pro se* litigants should be *generously and liberally construed, but [the pro se*'s] failure to allege either specific facts or particular laws that have been violated renders his attempt to oppose defendants' motion ineffectual."); *Stinson v. Sheriff's Dep't*, 499 F. Supp. 259, 262 (S.D.N.Y. 1980) (holding that the liberal standard accorded to *pro se* pleadings "is not without limits, and all normal rules of pleading are not absolutely suspended").

In the instant action, plaintiff has filed to comply with Local Civil Rule 7.1 of the Southern District of New York, which provides as follows:

> HN3⊤Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there **[*7]** are points to be determined. Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion by default.

Local Civil Rule 7.1 (formerly Local Civil Rule 3(b)). Plaintiff's failure to file a memorandum of law or any response whatsoever, standing alone, provides me sufficient basis to grant defendants' motions to dismiss. *ENH, Inc. v. International Diffusion SRL*, 1997 U.S. Dist. LEXIS 7665, 1997 WL 294388, *1 (June 2, 1997 S.D.N.Y.); *Dodson v. Runyon*, 957 F. Supp. 465, 468 (S.D.N.Y. 1997); *United States v. LaMorte*, 940 F. Supp. 572, 575 (S.D.N.Y. 1996); *Scott v. Keane*, 1995 U.S. Dist. LEXIS 15785, 1995 WL 628973, *1 (October 26, 1995); *DeJesus v. O'Connor*, 897 F. Supp. 131, 133 n.1 (September 5, 1995). Nevertheless, because plaintiff is proceeding *pro se*, I will address the substantive issues raised by defendants' motions in light of plaintiff's complaint.

## II. Plaintiff's Claims Under 18 U.S.C. § 241

Plaintiff has brought a claim pursuant to 18 U.S.C. § 241 alleging a conspiracy to deprive plaintiff of his constitutional rights. Section 241 HN4⊤is a purely criminal statute; thus, there is no private right of action under § 241. *Dugar v. Coughlin*, 613 F. Supp. **[*8]** 849 (S.D.N.Y. 1985); *accord John's Insulation, Inc. v. Siska Construction Co., Inc.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991); *United States v. Kaufman*, 750 F. Supp. 106, 108 (S.D.N.Y. 1990). Therefore, plaintiff's § 241 claims must be dismissed as against all defendants.

## III. Plaintiff's Claims for False Arrest and Kidnapping

Plaintiff has brought claims for false arrest, imprisonment and kidnapping under 42 U.S.C. § 1983. Because HN5⊤Congress has not established a federal statute of limitations for actions brought in federal court under § 1983, federal courts sitting in New York are obligated to apply the analogous New York statute of limitations. *Leon v. Murphy*, 988 F.2d 303, 310 (2d Cir. 1993) (quoting *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990); *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980), *cert. denied*, 450 U.S. 920, 101 S. Ct. 1368, 67 L. Ed. 2d 347 (1981) (citing *Board of Regents v. Tomanio*, 446 U.S. 478, 100 S. Ct. 1790, 64 L. Ed. 2d 440 (1980)). Following this directive, courts have consistently found that the three-year limitations period that applies to causes of action created by statute is most

appropriate **[*9]** for § 1983 suits brought against individual defendants in federal courts in New York. _Ormiston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997)_ ("New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law and Rules § 214(5), governs § 1983 actions in New York") (citation omitted); _Ivani Contracting Corp. v. City of New York, 103 F.3d 257, 262 (2d Cir. 1997)_ (citing _Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995)_); _Singleton, 632 F.2d at 189_ (citing, inter alia _Quinn v. Syracuse Model Neighborhood Corp., 613 F.2d 438, 449 (2d Cir. 1980)_).

Despite the application of a state statute of limitations, "federal law governs the determination of the accrual date (that is, the date the statute of limitations begins to run) for purposes of the statute of limitations in a section 1983 action." _Ormiston, 117 F.3d at 71_ (citing _Eagleston v. Guido, 41 F.3d 865, 871 (2d Cir. 1994)_, cert. denied, _133 L. Ed. 2d 18, 116 S. Ct. 53 (1995)_). Under federal law, a claim accrues when a plaintiff knows of or should know of the injury forming the basis of a claim. _Ormiston, 117 F.3d at 71_ (citing _Singleton, 632 F.2d at **[*10]** 191_); _Pinaud v. County of Suffolk, 52 F.3d 1139, 1156-57 (2d Cir. 1995)_. Thus, the date of arrest triggers the accrual date for any subsequent action under § 1983, including claims both for false arrest, imprisonment and kidnapping. _Ormiston, 117 F.3d at 71_.

A portion of plaintiff's claims for false arrest, kidnapping and imprisonment as against the 41st Precinct and several of its individual employees are based on an arrest made December 18, 1991. Thus, the claims for false arrest and kidnapping accrued on this date and any action based on this incident must have been brought on or before December 18, 1994. Plaintiff did not initiate the instant action before December of 1995, almost a year after the statute of limitations had expired. Thus, the portion of plaintiff's claims based on the 1991 incident must be dismissed as time-barred.

Plaintiff's pendent state law claims based on the 1991 arrest are also time-barred. _HN6_ Under § 215(3) of the New York Civil Practice Law and Rules, "an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words" must be commenced within one year. N.Y.C.P.L.R. § 215 (McKinney 1995). **[*11]** Thus, unquestionably, under § 215, plaintiff's claim for false imprisonment is time-barred. Further, § 215(3) has been interpreted as governing all state law claims for intentional torts, including false arrest. _Bittner v. Cummings, 188 A.D.2d 504, 506, 591 N.Y.S.2d 429 (2d Dep't 1992)_; _Jackson v. Police Dep't of N.Y., 86 A.D.2d 860, 447 N.Y.S.2d 320 (2d Dep't 1982)_, cert. denied, _511 U.S. 1004, 114 S. Ct. 1370, 128 L. Ed. 2d 46 (1994)_ ("'false arrest' is merely another name for the tort of false imprisonment'" (citing Prosser, Torts (4th Ed.), § 11, p. 42; _Broughton v. State of New York, 37 N.Y.2d 451, 373 N.Y.S.2d 87, 335 N.E.2d 310_)). Thus, plaintiff's claims for false arrest and kidnapping are also time-barred. Therefore, pursuant to the state law statute of limitations, plaintiff's pendent state law claims as against all defendants must be dismissed as time-barred.

## IV. General Municipal Law § 50-e

In addition to the claims based on his 1991 arrest, plaintiff has asserted a number of state law claims based on his 1992 and 1993 arrest. Although these claims were timely brought within the three year statute of limitations, plaintiff's failure to file **[*12]** a notice of claim in accordance with New York law mandates dismissal of these state law claims. [2] General Municipal Law § 50-e _HN7_ requires an individual to file a notice of claim with the New York City Comptroller before commencing any action for damages against New York City or its employees. N.Y. Gen. Mun. Law § 50-e (McKinney 1995). Section 50-e(1)(a) provides as follows:

_HN8_ In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action or special proceeding

against a public corporation, . . . or any officer, appointee or employee thereof, the notice of claim shall comply with and be served in accordance with the provisions of this section within ninety days after the claim arises . . . .

*Id.* [HN9] A notice of claim provision provides a municipality the opportunity to assess a claim and explore the possibility of settlement without becoming burdened by the expense and risk of needless litigation. *Light v. County of Nassau,* 187 A.D.2d 720, 720-721, 590 N.Y.S.2d 291, 292 ("It is well settled that 'the purpose of the statutory notice of claim requirement (General Municipal Law § 50-e) is to afford the [*13] public corporation an "adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still available"'") (quoting *Caselli v. City of New York,* 105 A.D.2d 251, 252, 483 N.Y.S.2d 401 (quoting *Teresta v. City of New York,* 304 N.Y. 440, 443, 108 N.E.2d 397 (1952)). Plaintiff has not alleged in his complaint that he filed a notice of claim. Furthermore, the time in which plaintiff might have been entitled to file a late notice of claim has already passed. Section 50-e(5) of the General Municipal Law provides [HN10] that the time in which a late notice may be filed "shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." N.Y. Gen. Mun. Law § 50-e(5) (McKinney 1995). Because the statute of limitations for plaintiff's state law tort claims is one year, any late notice of claim would have to have been filed within one year and ninety days of each alleged false arrest. Thus, for claims arising from the 1991 arrest, plaintiff would have to have filed his notice of claim by the end of March 1993; for the claims arising from his December 1992 arrest, by the [*14] end of March 1994; and for the claims arising from the July 1993 incident, by the beginning of October of 1994. [3] Because filing a notice of claim is a mandatory condition precedent to suit against New York City and its employees, and plaintiff has failed to comply, plaintiff's state law claims against New York City and its employees must be dismissed. *See Day v. Moscow,* 955 F.2d 807, 813 (2d Cir. 1992), *cert. denied,* 506 U.S. 821, 113 S. Ct. 71, 121 L. Ed. 2d 37 (1992).


**FOOTNOTES**

[2] Plaintiff's failure to file a notice of claim provides a proper basis for dismissing the claims based on plaintiff's 1991 arrest as well.

[3] Similarly, claims against the NYCHA arising from the 1993 arrest must also be dismissed. [HN11] Under Public Housing Law § 157(2), plaintiff must file a notice of claim within 90 days of the incident forming the basis of a claim. Filing such a notice of claim is a condition precedent to bringing state law claims against the NYCHA. *Burns v. Binghamton Housing Auth.,* 36 A.D.2d 1004, 321 N.Y.S.2d 56 (3d Dep't 1971); *Hlanko v. New York City Housing Auth.,* 23 A.D.2d 840, 259 N.Y.S.2d 661 (1st Dep't 1965), *aff'd,* 19 N.Y.2d 937, 281 N.Y.S.2d 343, 228 N.E.2d 399 (1967). Furthermore, plaintiff's failure to apply for leave to file a late notice of claim prior to the expiration of the statute of limitations divests me of jurisdiction over these claims and precludes me from considering plaintiff's amended complaint as constituting sufficient notice. *Steward v. New York City Housing Auth.,* 205 A.D.2d 606, 613 N.Y.S.2d 408 (2d Dep't 1994); *Rice v. New York City Housing Auth.,* 149 A.D.2d 495, 539 N.Y.S.2d 977 (2d Dep't 1989).


## [*15] V. Claims Against the 41st Precinct

In his complaint, plaintiff has asserted a number of claims against the 41st Precinct. However, under the New York City Charter, the 41st Precinct is not an entity distinct from the City and thus is not a suable entity, except through the City. The New York City Charter provides as follows:

*HN12* All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.

N.Y. City Charter § 396. *HN13* As an agency of the City, the Police Department is not a suable entity. Nor is the 41st Precinct, a subdivision of the Police Department, a suable entity. *See, e.g., Williams v. New York City Police Dep't*, 930 F. Supp. 49 (S.D.N.Y. 1996) ("As an agency of the City of New York, the Police Department is not a suable entity") (citing *East Coast Novelty Company, Inc. v. The City of New York*, 781 F. Supp. 999, 1010 (S.D.N.Y. 1992)); *Bailey v. New York City Police Department*, 910 F. Supp. 116, 117 (E.D.N.Y. 1996). Therefore, all claims against the 41st Precinct must be dismissed.

## VI. Section [*16] 1983 Claims Against NYCHA and Brown

Plaintiff has alleged § 1983 claims against the NYCHA and Brown based on violations of the Fifth, Eighth, Ninth and Fourteenth Amendments. However, *HN14* a plaintiff may not recover for alleged § 1983 violations against a municipal entity under a theory of *respondeat superior*. *Monell v. N.Y.C. Dep't of Soc. Sevs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *accord Colon v. Coughlin*, 58 F.3d 865, 874 (2d Cir. 1995); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988); *Sorlucco V. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992). Rather plaintiff must allege direct personal involvement of Brown and the NYCHA or the existence of a policy, custom, or practice of the NYCHA in order to recover under § 1983. *Kern v. City of Rochester*, 93 F.3d 38, 44 (2d Cir. 1996) (affirming dismissal of § 1983 claim for failure to allege custom or policy); *Soto v. Brooklyn Correctional Facility*, 80 F.3d 34, 36 (2d Cir. 1996); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (affirming dismissal for failure to allege personal involvement) (citing *McKinnon v. Patterson*, 568 F.2d [*17] 930, 934 (2d Cir. 1977), *cert. denied*, 434 U.S. 1087, 55 L. Ed. 2d 792, 98 S. Ct. 1282 (1978) (citations omitted)). Plaintiff has failed to allege direct personal involvement or the existence of a policy, custom or practice. Therefore, plaintiff's section 1983 claims against the NYCHA and Brown based on the 1993 arrest must be dismissed.

## *CONCLUSION*

For the reasons set forth above, defendants' motions to dismiss are granted in their entirety.

Dated: New York, New York

September 5, 1997

LORETTA A. PRESKA, U.S.D.J.

Service: **Get by LEXSEE®**
Citation: **1997 US Dist Lexis 13656**
View: Full
Date/Time: Thursday, November 15, 2007 - 3:05 PM EST

* Signal Legend:
- Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
- Caution: Possible negative treatment
- Positive treatment is indicated
A - Citing Refs. With Analysis Available
i - Citation information available

Get a Document - by Citation - 1990 U.S. Dist. LEXIS 13656     Page 15 of 24

Case 7:07-cv-08214-CS-MDF     Document 13656     Filed 11/16/2007     Page 15 of 24

\* Click on any *Shepard's* signal to *Shepardize*® that case.

Search | Research Tasks | Get a Document | *Shepard's*® | Alerts
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

 LexisNexis®     About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights
reserved.

LexisNexis® *Total Research System*                    Switch Client ┊ Preferences ┊ Sign Off ┊ [?] Help

Search ┊ Research Tasks ┊ Get a Document ┊ *Shepard's*® ┊ Alerts                    History ┊

Service: **Get by LEXSEE®**
Citation: **2001 usdist lexis 2786**

*2001 U.S. Dist. LEXIS 2786, \**

PRESTON KIRK, Plaintiff, - against - THE METROPOLITAN TRANSPORTATION AUTHORITY, POLICE OFFICER CHRIS ROCKET, and POLICY OFFICER ROBBY ANDERSON, Defendants. CHRISTOPHER J. ROCKET, Third-Party Plaintiff, - against - THE METROPOLITAN TRANSPORTATION AUTHORITY anD METRO-NORTH COMMUTER RAILROAD, Third-Party Defendants.

99 Civ. 3787 (RWS)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2001 U.S. Dist. LEXIS 2786

March 14, 2001, Decided
March 19, 2001, Filed

**DISPOSITION:** **[\*1]** Summary judgment motions of Rocket and MTA granted in part and denied in part. Anderson's summary judgment motion granted in full, and plaintiff leave to file second amended complaint granted.

**CASE SUMMARY**

**PROCEDURAL POSTURE:** Defendant transit authority and two police officers moved for summary judgment in plaintiff's tort action against them for injuries suffered during his unfounded arrest. Plaintiff moved for leave to amend his complaint.

**OVERVIEW:** Plaintiff was arrested because he fit the description of someone who had threatened violence in the train station. He was charged with resisting arrest and third-degree assault. Someone else was charged with the crime. Plaintiff sued defendant transit authority and arresting officers for injury incurred during the unfounded arrest. Defendants sought summary judgment. Plaintiff sought to amend. The motion of the officer who had not touched plaintiff was granted. The motions of the other officer and the authority were granted in part. Plaintiff was granted leave to amend to plead facts learned in discovery and replead previously asserted claims but not to add new claims. The notice of claims was sufficient. The interaction between plaintiff and one officer was seriously disputed and precluded a finding of qualified immunity. It was premature to decide if probable cause existed or the officers' actions were objectively reasonable. Defendant authority could be liable under respondeat superior, and for negligent hiring and supervision. But the officer's acts did not rise to the level of outrageousness required for intentional infliction of emotional distress.

**OUTCOME:** Motions were granted as to intentional infliction of emotional distress and officer negligence. Existence of probable cause and interaction of plaintiff with one officer was in serious dispute. Second officer won summary judgment. Summary judgment was denied as to false arrest, false imprisonment, excessive force, and vicarious liability. Plaintiff was allowed to amend but not to add new claims.

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 85786

Case 7:07-cv-08214-CS-MDF   Document 27-6   Filed 11/16/2007   Page 17 of 24

Page 2 of 28

**CORE TERMS:** summary judgment, notice, arrest, amend, false arrest, false imprisonment, causes of action, assault, battery, state law, municipal, police officers, malicious prosecution claim, excessive force, infliction, track, favorable, probable cause, psychological, deprivation, training, triable, train, stairs, emotional distress, failure to train, deliberate indifference, retaliation, discovery, issues of fact

⊟ **Hide**

**LEXISNEXIS® HEADNOTES**

Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Legal Entitlement
Civil Procedure > Summary Judgment > Standards > Materiality

HN1⚓ Fed. R. Civ. P. 56(c) provides that a motion for summary judgment may be granted when there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  More Like This Headnote |
*Shepardize:* Restrict By Headnote

Civil Procedure > Summary Judgment > Opposition > General Overview
Civil Procedure > Summary Judgment > Standards > Genuine Disputes

HN2⚓ As a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the summary judgment motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party.  More Like This Headnote

Civil Procedure > Summary Judgment > Standards > Genuine Disputes
Civil Procedure > Summary Judgment > Standards > Materiality

HN3⚓ If, when viewing the evidence produced in the light most favorable to the nonmovant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate.  More Like This Headnote

Civil Procedure > Summary Judgment > Standards > Materiality

HN4⚓ Materiality is defined by the governing substantive law. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.  More Like This Headnote

Civil Procedure > Summary Judgment > Opposition > General Overview
Civil Procedure > Summary Judgment > Standards > General Overview

HN5⚓ The mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment.  More Like This Headnote | *Shepardize:* Restrict By Headnote

Civil Procedure > Summary Judgment > Burdens of Production & Proof > Scintilla Rule
Civil Procedure > Summary Judgment > Standards > Genuine Disputes

HN6⚓ For a dispute to be genuine, there must be more than "metaphysical doubt." If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  More Like This Headnote

Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Public Entity Liability > Liability > Claim Presentation > General Overview

HN7⚓ Notice of tort claims must be filed within 90 days after the claim arises. N.Y. Gen. Mun. Law § 50-e1(a) (McKinney 1998); N.Y. Pub. Auth. Law § 1276(2) (McKinney 1998).  More Like This Headnote

LexisNexis® *Total Research System*

Switch Client ⋮ Preferences ⋮ Sign Off ⋮ ? Help

Search ⎮ Research Tasks ⎮ Get a Document ⎮ *Shepard's*® ⎮ Alerts ⎮                    History ⋮ 🖰

Service: **Get by LEXSEE®**
Citation: **2007 U.S. Dist. LEXIS 8160**

*2007 U.S. Dist. LEXIS 8160, *

LAWRENCE NADEAU, Plaintiff, v. DONALD ANTHONY, Defendant.

Civ No. 3:03CV00834 (AWT).

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2007 U.S. Dist. LEXIS 8160

January 24, 2007, Decided
January 24, 2007, Filed

**PRIOR HISTORY:** Nadeau v. Anthony, 2003 U.S. Dist. LEXIS 21722 (D. Conn., Dec. 2, 2003)

**CORE TERMS:** summary judgment, seizure, summons, state law claims, false arrest, malicious prosecution, genuine, arraignment, nonmovant, housing, travel, alarm system, probable cause, issue of material fact, deprivation of liberty, appearance, arrest, mail, inspection, matter of law, state's attorney, supplemental jurisdiction, criminal proceedings, criminal prosecution, legal process, nonmoving party, citation omitted, initiated, detained, issuance

**COUNSEL:** [*1] For Lawrence Nadeau, Plaintiff: E. Gregory Cerritelli ▾, LEAD ATTORNEY, Knight, Conway & Cerritelli, New Haven, CT.

For Donald Anthony, Defendant: Deborah Leigh Moore, LEAD ATTORNEY, Corporation Counsel's Office, Meriden, CT; John H. Gorman, LEAD ATTORNEY, City Of Meriden, Department of Law, Meriden, CT.

**JUDGES:** Alvin W. Thompson, United States District Judge.

**OPINION BY:** Alvin W. Thompson

**OPINION**

***RULING ON MOTION FOR SUMMARY JUDGMENT***

Lawrence Nadeau ("Nadeau") brings this action against Donald Anthony ("Anthony"). The complaint sets forth claims pursuant to 42 U.S.C. § 1983 for malicious prosecution and false arrest; it also sets forth state law claims for intentional and negligent infliction of emotional distress. The defendant has moved for summary judgment on the § 1983 malicious prosecution and false arrest claims [1] and argues that the court should decline to exercise supplemental jurisdiction over the state law claims. For the reasons set forth below, the defendant's motion is being granted.

**FOOTNOTES**

1 The court notes that the Complaint contains a reference to "due process of law." (Complaint, P 17). It is unclear from the Complaint, however, whether the plaintiff is attempting to assert a due process claim, and what grounds such a claim might be based upon. The court notes further that the plaintiff did not contest that the defendant was moving for summary judgment on all of the plaintiff's federal claims asserted in the Complaint.

## [*2] I. FACTUAL BACKGROUND

In 1987, Nadeau purchased rental property at 43 North Third Street in Meriden, Connecticut. The property contained five apartment units. Nadeau rented those units to tenants. On or about August 18, 2000, the Meriden Housing Department received a referral from John Yacovino, Fire Inspector, regarding a tenant's complaint about electrical problems on the second floor of the property. On August 25, 2000, Meriden Housing Inspector Tom Kilroy visited the property, where he spoke to Nadeau. After Nadeau questioned Kilroy's qualifications to perform an inspection, Kilroy requested the assistance of Anthony, who was an electrical inspector with the City of Meriden. Anthony inspected the property on or about August 28, 2000. As a result of this inspection, Anthony informed Nadeau that the fire alarm system had been installed without a building permit. Nadeau contacted Shawn Burch of Armed and Ready Alarm Systems, which had installed the alarm system, and informed him that a building permit was needed. Burch submitted a permit application dated September 12, 2000. According to Nadeau, Anthony signed the permit on September 13, 2000.

Anthony also sent a letter [*3] to Nadeau dated October 3, 2000 informing him that an inspection of the alarm system on October 3, 2000 had revealed that the fire alarm system was unsafe, and that Nadeau was required to install a separate electric meter and panel for the alarm system. In an order dated October 16, 2000, Anthony informed Nadeau that "[t]he service for the entire building was found unsafe." (Def. Ex. H). This constituted a violation of 1996 State Building Code § 2708.2. The order referred to an inspection which took place on October 3, 2000, and the order stated that Nadeau had thirty days to comply with the order or be subject to criminal prosecution.

On January 4, 2001, Anthony reinspected the property and the violation cited in the October 16, 2000 order still existed. On January 8, 2001, Anthony completed an application for an arrest warrant, which included an affidavit concerning his findings. Supervisory Assistant State's Attorney for Statewide House Matters Judith Rothschild initiated the prosecution against Nadeau pursuant to Conn. Gen. Stat. § 51-286b 2. Nadeau claims that Anthony's affidavit contained false and misleading statements and omissions that were [*4] material to a determination of probable cause.

**FOOTNOTES**

2 "The assistant state's attorney or deputy assistant state's attorney assigned to handle housing matters may initiate prosecutions for violations of any state or municipal housing or health law, code or ordinance either upon the affidavit of an individual complainant or upon complaint from a state or municipal agency responsible for the enforcement of any law, code or ordinance concerning housing matters." Conn. Gen. Stat. § 51-286b.

Subsequently, Nadeau received a summons through the mail requiring him to appear in court on February 15, 2001. On that date, Nadeau was released on a written promise to appear.

Nadeau testified that he did not have to post bail and could not remember whether his ability to travel was hindered in any way. There were twelve scheduled court dates, but Nadeau testified that he "believe[s] one and maybe two were cancelled." (Nadeau Dep., Mar. 8, 2005, at 102). Nadeau alleges that, on June 17, 2002, the charges **[*5]** against him were dismissed.

## II. LEGAL STANDARD

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1223 (2d Cir. 1994). Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." See Celotex Corp., 477 U.S. at 322.

When ruling on a motion for summary judgment, the court must respect the province of the jury. The court, therefore, may not try issues of fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); Donahue v. Windsor Locks Board of Fire Comm'rs, 834 F.2d 54, 58 (2d Cir. 1987); Heyman v. Commerce & Indus. Ins. Co., 524 F.2d 1317, 1319-20 (2d Cir. 1975). **[*6]** It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Anderson, 477 U.S. at 255. Thus, the trial court's task is "carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." Gallo, 22 F.3d at 1224.

Summary judgment is inappropriate only if the issue to be resolved is both genuine and related to a material fact. Therefore, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. An issue is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248 (internal quotation marks omitted). A material fact is one that would "affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. As the Court observed in Anderson: "[T]he **[*7]** materiality determination rests on the substantive law, [and] it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." Id. at 248. Thus, only those facts that must be decided in order to resolve a claim or defense will prevent summary judgment from being granted. When confronted with an asserted factual dispute, the court must examine the elements of the claims and defenses at issue on the motion to determine whether a resolution of that dispute could affect the disposition of any of those claims or defenses. Immaterial or minor facts will not prevent summary judgment. See Howard v. Gleason Corp., 901 F.2d 1154, 1159 (2d Cir. 1990).

When reviewing the evidence on a motion for summary judgment, the court must "assess the record in the light most favorable to the non-movant and . . . draw all reasonable inferences in its favor." Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2000) (quoting Delaware & H. R. Co. v. Conrail, 902 F.2d 174, 177 (2d Cir. 1990)). Because credibility is not an issue on summary judgment, the nonmovant's evidence **[*8]** must be accepted as true for purposes of the motion. Nonetheless, the inferences drawn in favor of the nonmovant must be supported by the evidence. "[M]ere speculation and conjecture" is insufficient to defeat a motion for summary judgment. Stern v. Trs. of Columbia Univ., 131 F.3d 305, 315 (2d Cir. 1997) (quoting W. World Ins. Co. v. Stack Oil, Inc., 922 F.2d 118, 121 (2d. Cir. 1990)). Moreover, the "mere existence of a scintilla of evidence in support of the [nonmovant's] position" will be insufficient; there must be evidence on which a jury could "reasonably find" for the nonmovant. Anderson, 477 U.S. at 252.

Finally, the nonmoving party cannot simply rest on the allegations in its pleadings since the essence of summary judgment is to go beyond the pleadings to determine if a genuine issue of material fact exists. See *Celotex Corp., 477 U.S. at 324*. "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact," *Weinstock, 224 F.3d at 41*, if the movant demonstrates an absence of such issues, a limited burden of production shifts to the **[*9]** nonmovant, which must "demonstrate more than some metaphysical doubt as to the material facts, . . . [and] must come forward with specific facts showing that there is a genuine issue for trial." *Aslanidis v. United States Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)* (quotation marks, citations and emphasis omitted). Furthermore, "unsupported allegations do not create a material issue of fact." *Weinstock, 224 F.3d at 41*. If the nonmovant fails to meet this burden, summary judgment should be granted. The question then becomes whether there is sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party. See *Anderson, 477 U.S. at 248, 251*.

## III. DISCUSSION

### A. Section 1983 Claims

### 1. Malicious Prosecution

To prevail on a malicious prosecution claim against a state actor pursuant to § 1983, a plaintiff must show a violation of his rights under the Fourth Amendment, and meet the criteria for a malicious prosecution claim under state law. *Fulton v. Robinson, 289 F.3d 188, 195 (2d Cir. 2002)*; see also *Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997)* **[*10]** (citing to *Albright v. Oliver, 510 U.S. 266, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994)* for the proposition that "a plaintiff who has alleged that a criminal prosecution was initiated against him without probable cause has not stated a § 1983 claim for violation of his right to substantive due process" but must demonstrate a violation of his Fourth Amendment rights). Also, "since the gist of a claim for malicious prosecution is abuse of the judicial process, a plaintiff pursuing such a claim under § 1983 must show that the seizure resulted from the initiation or pendency of judicial proceedings." *Murphy, 118 F.3d at 944*. Under Connecticut law, to be successful on a malicious prosecution claim, the plaintiff must show that "(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primarily for a purpose other than that of bringing an offender to justice." *McHale v. W.B.S. Corp., 187 Conn. 444, 447, 446 A.2d 815 (1982)*.

The defendant argues that the plaintiff was not seized under **[*11]** the meaning of the Fourth Amendment. The court agrees.

"A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen.'" *Graham v. Connor, 490 U.S. 386, 395 n. 10, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)* (citation omitted). In *California v. Hodari D.,* the Court noted that "[a] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.'" *499 U.S. 621, 627-28, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991)* (citation omitted).

"When the accused is physically detained following arraignment, there can be no question that he has been seized within the meaning of the Fourth Amendment." *Murphy, 118 F.3d at 944*. In *Murphy,* the Second Circuit found that an order that the defendant not leave the state as a condition of pretrial release and obligations to appear in court (on eight occasions)

were restrictions which "constituted a seizure within the meaning of the Fourth Amendment." 118 F.3d at 946. The Second Circuit **[\*12]** explained:

> In sum, while a state has the undoubted authority, in connection with a criminal proceeding, to restrict a properly accused citizen's constitutional right to travel outside of the state as a condition of his pretrial release, and may order him to make periodic court appearances, such conditions are appropriately viewed as seizures within the meaning of the Fourth Amendment.

*Id.* at 946.

"Although the Second Circuit has not directly addressed whether or not the issuance of a summons and complaint, coupled with the requirement that an individual appear in court, constitutes a seizure, the weight of authority holds that it is not." *Zak v. Robertson,* 249 F.Supp.2d 203, 207 (D. Conn. 2003); *cf. Dorman v. Castro* 347 F.3d 409, 411 (2d Cir. 2003) ("[w]hether a mere pre-arraignment summons constitutes a Fourth Amendment 'seizure' is . . . a difficult issue and one that has not yet been resolved in this Circuit"). In *Dorman,* the Second Circuit noted that where the plaintiffs were issued tickets charging them with disorderly conduct and requiring them to appear in court at a later date, this was distinguishable **[\*13]** from *Murphy* because it involved pre-arraignment summons. *See id.* In addition, the court cited favorably to *Britton v. Maloney,* 196 F.3d 24, 30 (1st Cir. 1999) for the proposition that:

> Absent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment.

*Dorman,* 347 F.3d at 411. In *Britton,* the First Circuit determined that there had not been a seizure where a summons was issued by mail, the defendant was ordered to appear in court, and the case was subsequently dismissed for failure to prosecute. The court distinguished *Murphy,* observing that the defendant's "criminal prosecution in this case did not impose any restrictions on his liberty other than the legal obligation to appear in court at a future date." *Britton,* 196 F.3d at 29. The court found it insufficient that the defendant was "threatened . . . with arrest if he failed to appear." *Id. See* **[\*14]** *also* **_Nieves v. McSweeney et al.,_ 241 F.3d 46 (1st Cir. 2001)** (criminal defendants released on their own recognizance at arraignment who had to attend court appearances through trial did not have malicious prosecution claims because they were forced to appear in court); *Zak,* 249 F.Supp.2d at 208 (where individuals picked up summons and complaint at police station and had to attend court on one or more dates before the charges were dropped but the court imposed no other conditions of release, "[t]he restraints on the plaintiffs' liberty . . . were insufficient as a matter of law to constitute a seizure for the purposes of the Fourth Amendment"); *Fonseca v. Alterio,* Civil No. 3:03CV1055(AVC), 2006 U.S. Dist. LEXIS 57443, 2006 WL 2165695, at \*4 (D. Conn. July 28, 2006) (where plaintiff was issued a summons requiring his appearance in court and was not arrested, plaintiff only had to appear in court once, there were no travel restrictions, and judgment was eventually entered in favor of the plaintiff, there was no seizure under the Fourth Amendment).

In this case, Nadeau received a summons in the mail. The summons required that he appear in court for his arraignment. **[\*15]** At the arraignment, Nadeau was released on a written promise to appear. Nadeau testified that he did not have to post bond. There is no evidence that the court imposed any travel restrictions. Nadeau was required to appear in court on a number of occasions; there were twelve scheduled appearances, but Nadeau testified that he believed that one or two had been canceled. Thus, to support his claim, Nadeau can only point to the fact he received a summons in the mail and the fact he was required to appear in

court. Here, as in _Zak_, the imposition of such obligations is insufficient as a matter of law to constitute a seizure under the <u>Fourth Amendment</u>.

## 2. False Arrest

The plaintiff argues that there was not probable cause to arrest him. Assuming *arguendo* that there was not probable cause, the plaintiff's false arrest claim still fails because "[a] plaintiff may only bring a claim of false arrest . . . if he suffered a deprivation of liberty prior to the issuance of legal process." <u>_Zak v. Robertson_, 249 F. Supp. 2d 203, 206 (D. Conn. 2003)</u>. In _Zak_, the court explained, "[b]ecause plaintiffs have not come forward with any evidence that they suffered any **[\*16]** deprivation of liberty prior to the issuance of legal process against them, their claim is for malicious prosecution, not false arrest." <u>_Id._ at 206</u>; see also <u>Fonseca v. Alterio</u>, Civ. No. 3:03CV1055(AVC), 2006 U.S. Dist. LEXIS 57443, 2006 WL 2165695 *3 (D. Conn. July 28, 2006) (to bring a <u>section 1983</u> claim for false arrest, a plaintiff must show, in addition to state law elements, "that a deprivation of liberty, consistent with a seizure under the <u>Fourth Amendment</u>, occurred and that the deprivation occurred before the start of the legal process, generally 'from the moment of arrest to the time of arraignment'") (citation omitted); <u>_Porat v. Lincoln Towers Cmty. Ass'n_, No. 04 Civ. 3199(LAP), 2005 U.S. Dist. LEXIS 4333, 2005 WL 646093, at *4 (S.D.N.Y. Mar. 21, 2005)</u> (where plaintiff was issued a summons stating a date on which the person was to appear in court, "[p]laintiff's false arrest and imprisonment claim fails because his pleading states that he was simply never arrested"). Here, there was no deprivation of liberty, as Nadeau was never taken into custody or detained prior to the arraignment. Therefore, his claim for false arrest fails.

## B. State Law Claims

The plaintiff **[\*17]** also brings state law claims for intentional and negligent infliction of emotional distress. "The district courts may decline to exercise supplemental jurisdiction over a [state law] claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." <u>28 U.S.C.A. § 1367(c) (3)</u>. "[P]endent jurisdiction is a doctrine of discretion, not of plaintiff's right." <u>_United Mine Workers of Am. v. Gibbs_, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)</u>.

While dismissal of the state law claims is not mandatory, <u>_Carnegie-Mellon Univ. v. Cohill_, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988)</u>, when "all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims." _Id._ Accordingly, the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

## IV. CONCLUSION

For the reasons set forth above, the defendant's Motion for Summary Judgment (Doc. No. 56) is hereby GRANTED.

The Clerk shall close **[\*18]** this case.

It is so ordered.

Dated this 24th day of January 2007 at Hartford, Connecticut.

/s/ Alvin W. Thompson

United States District Judge

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 8160    Page 7 of 7

Case 2:07-cv-08241-CS-MDF    Document 8-3    Filed 11/16/2007    Page 24 of 24

Service: **Get by LEXSEE®**
Citation: **2007 U.S. Dist. LEXIS 8160**
View: Full
Date/Time: Friday, November 16, 2007 - 1:09 PM EST

* Signal Legend:

- Warning: Negative treatment is indicated

Q - Questioned: Validity questioned by citing refs

⚠ - Caution: Possible negative treatment

◆ - Positive treatment is indicated

A - Citing Refs. With Analysis Available

i - Citation information available

* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

 LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.