UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x------------------------------------------------------------x

MIGUEL VALLE,                                    07 CIV. 8214 (CLB)(MDF)

PLAINTIFF,

VS.

                                                 OBJECTION TO MOTION
INVESTIGATOR THOMAS MORAN                         TO DISMISS
AND INVESTIGATOR DALE
BRICKWOOD, OF THE WESTCHESTER
COUNTY DISTRICT ATTORNEY'S
OFFICE,

DEFENDANTS.

x------------------------------------------------------------x

The Plaintiff, through the undersigned counsel, hereby Objects to the Motion to Dismiss

the Complaint on the grounds that:

A.    The Plaintiff has sufficiently alleged a claim for malicious prosecution in

      violation of the Fourth Amendment, upon which claim relief may be granted;

B.    The claims averred by the Plaintiff show that, on the record, absolute immunity

      from liability is unavailable to the Defendants.

For these reasons and upon the grounds more particularly set forth in Plaintiff's

Memorandum of Law, the Defendants' Motion to Dismiss should be denied.

THE PLAINTIFF
MIGUEL VALLE


By ___*Karen L Mayer*___
Karen L. Mayer, Esq.
Russell & Pastore, L.L.C.
66 Field Point Road
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.  KM6555


TO:    Hillary J. Raimondi
       Associate County Attorney, of Counsel
       148 Maritime Avenue
       White Plains, New York 10601

CC:    Honorable  Charles L. Brieant
       United States Courthouse
       300 Quarropas St., Room 275
       White Plains, NY 10601

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

x-----------------------------------------------------------x

**MIGUEL VALLE,**                                    **07 CIV. 8214 (CLB)(MDF)**

### PLAINTIFF,

### VS.

**INVESTIGATOR THOMAS MORAN
AND INVESTIGATOR DALE
BRICKWOOD, OF THE WESTCHESTER
COUNTY DISTRICT ATTORNEY'S
OFFICE,**


**DEFENDANTS.**

x-----------------------------------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION
## TO MOTION TO DISMISS



Karen L. Mayer, Esq.
Russell & Pastore, L.L.C.
66 Field Point Road
Greenwich, CT 06830
(203) 661-4200
Federal Juris No.  KM6555

## <u>TABLE OF CONTENTS</u>

**Page(s)**

TABLE OF AUTHORITIES………………………………………………………iii

PRELIMINARY STATEMENT……………………………………………………1

FACTUAL BACKGROUND…………………………………………………………2

STANDARD OF REVIEW…………………………………………………………4

ARGUMENT

**POINT I**..................................................................................................................5

     DEFENDANTS' ASSERTION THAT THE PLAINTIFF HAS
     FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN
     BE GRANTED IS WITHOUT MERIT

**POINT II**………………………………………………………………………9

     DEFENDANTS MORAN AND BRICKWOOD ARE NOT
     ENTITLED TO ABSOLUTE IMMUNITY

**CONCLUSION**………………………………………………………………..14

## TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

Albright v. Oliver,
  510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994)…………………………….6, 8

Anderson v. Creighton,
  483 U.S. 635, 638, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1986)……………………..13

Baker v. McCollan,
  443 U.S. 137, 144(1979)……………………………………………………………....4

Conley v. Gibson,
  355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed2d 80 (1957)……………………………....4, 5

DeFilippo v. County of Nassau,
  183 A.D.2d 695,696, 583 N.Y.S.2d 283, 284 (2d Dept.1992)……………………...11

Easton v. Sundram,
  947 F.2d 1011, 1014-15 (2d Cir. 1991)…………………………………………….4

Fulton v. Robinson,
  289 F.3d 188, 195 (2d Cir. 2002)………………………………………………….5, 6

Graham v. Connor,
  490 U.S. 386, 394 (1989)………………………………………………………….4

Harlow v. Fitzgerald,
  457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)………………………12

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,
  507 U.S. 163, 168, 113 S.Ct. 1160, 1163 (1993)…………………………………….6

Lennon v. Miller,
  66 F.3d 416, 420 (2d Cir. 1995)…………………………………………………….13

Llerando-Phipps v. City of New York,
  390 F.Supp.2d 372, 383 (S.D.N.Y.2005)…………………………………………...11

Malley v. Briggs,
  475 U.S 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)……………………………….10, 13

**Cases**                                                                                       **Page(s)**

Mitchell v. Victoria Home,
   434 F.Supp.2d 219, 227 (S.D.N.Y.2006)…………………………………………10, 11

Murphy v. Lynn,
   118 F.3d 938, 944 (2d Cir. 1997)……………………………………………5, 6, 8

Ricciuti v. N.Y.C. Transit Authority,
   124 F.3d 123, 131 (2d Cir. 1997)…………………………………………………8

Robison v. Via,
   821 F.2d 913, 921 (2d Cir. 1987)………………………………………………13

Rohman v. New York City Transit Auth.,
   215 F.3d 208, 215 (2d Cir. 2000)………………………………………………5

Russell v. Smith,
   68 F.3d 33, 36 (2d Cir. 1995)………………………………………………...5, 6

Scheuer v. Rhodes,
   416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)……………………………4

Singer v. Fulton County Sheriff,
   63 F.3d 110, 117 (2d Cir. 1995)………………………………………………...4, 6, 8

Still v. DeBuono,
   101 F.3d 888 (2d Cir. 1996)………………………………………………4

Tower v. Glover,
   467 U.S 914, 920, 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984)…………………..10

United States v. Yale New Haven Hosp.,
   727 F. Supp. 784, 786 (D.Conn. 1990)………………………………………4

Warren v. Dwyer,
   906 F.2d 70,76 (2d Cir. 1990)………………………………………………13

Washington v. County of Rockland,
   373 F3d 310, 315 (2d Cir. 2004)………………………………………………5

White v. Frank,
   855 F.2d 956 (2d Cir. 1988)…………………………………………………7, 9, 10

**Statutes**                                                                 **Page(s)**

42 U.S.C. § 1983……………………………………………………………..1, 4

Fed. R. Civ. P. 8(a)…………………………………………………………..5

Fed. R. Civ. P. 12(b)…………………………………………………………4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

x----------------------------------------------------------x

MIGUEL VALLE,

                    PLAINTIFF,                    07 CIV 8214 (CLB)(MDF)

        VS.

INVESTIGATOR THOMAS MORAN          Memorandum of Law in
AND INVESTIGATOR DALE              Opposition to Motion to
BRICKWOOD, OF THE                  Dismiss
WESTCHESTER COUNTY
DISTRICT ATTORNEY'S OFFICE,


                    DEFENDANTS.

x----------------------------------------------------------x


## PRELIMINARY STATEMENT

        The Plaintiff, through his undersigned counsel, respectfully submits this

Memorandum of Law in Opposition to the Defendants' Motion to Dismiss his Complaint.

This is a federal civil rights action brought pursuant to 42 U.S.C. §1983.  Plaintiff alleges

that the Defendants, Thomas Moran and Dale Brickwood, investigators of the

Westchester County District Attorney's Office, provided false testimony to a grand jury

and at trial, respectively.  The Defendants knowingly and recklessly caused him to be

wrongfully arrested and prosecuted on criminal charges arising from an explosion that

occurred in the Village of Sleepy Hollow.  As a result, Plaintiff was arrested and

prosecuted, and put in jeopardy of the loss of his liberty and property, until he was

1

ultimately acquitted of all charges on October 17, 2006.  As shown below, the Motion to

Dismiss is without merit and should be denied.

## FACTUAL BACKGROUND

### A.     The Explosion & Interrogation

On May 16, 2004, an explosion occurred at 126 Valley Street (a/k/a the Van

Tassel Apartments) in the Village of Sleepy Hollow.  The Defendants participated in the

investigation and determined that the fire resulted from gasoline having been poured

down a sink in a nearby firehouse. As part of their investigation , the defendants

interviewed a number of witnesses including  the plaintiff, a volunteer firefighter, on two

separate occasions, the day of the explosion and two days later, May 18, 2004

(hereinafter "the May 18, 2004 interview").

During the May 18, 2004 interview the Plaintiff told the Defendants that he and

another firefighter had been working on the fireboat earlier in the day and that he had to

pump out gasoline from the fireboat because water had gotten into the fuel tank causing

engine problems.  Plaintiff described for the investigators the amount of gasoline pumped

from the fireboat, the days on which gas was pumped, the number of gasoline cans used,

and the manner in which he disposed of the gasoline cans, including their location.

Despite the Plaintiff's provision of this truthful and easily verifiable information, the

defendants tried to coerce and force the Plaintiff into confessing to causing the explosion.

### B.     The Grand Jury and Trial

In a clear misrepresentation of Plaintiff's statements in the May18, 20044

interview referenced above, Defendant Moran testified to the Grand Jury that Valle

2

admitted to pumping out 65 to 70 gallons of gasoline from the Sleepy Hollow fireboat during the course of a single day, rather than over a two day period. Moran further lied to the Grand Jury about how and where the gasoline was disposed and how many containers of gasoline were pumped from the fireboat. Moran created a "phantom" 40 gallons of gasoline leading the Grand Jury to believe that Plaintiff entered the firehouse and poured the extra gasoline down the sink causing the explosion. As a result of this testimony, Valle was indicted.

At trial, Defendant Brickwood also testified falsely regarding his investigation, specifically the May 18, 2004 interview of the Plaintiff. Indeed, Defendant Brickwood made nearly the exact same misrepresentations Defendant Moran had when testifying before the Grand Jury. He was eventually ensnared in his own lies on the witness stand at which point defense counsel demanded transcripts from the Grand Jury proceedings that revealed that Moran had lied to the Grand Jury.

A recording of the May 18 interview made by plaintiff and produced at trial clearly proved that Plaintiff had stated that he had pumped gasoline from the fireboat over a two-day period, including the day of the explosion and the following day, the amount of gasoline, the number of gasoline cans used, and the manner and time in which he disposed of said gasoline. The tape, in conjunction with photographs of the subject gasoline taken by the defendants, proved Moran lied to the Grand Jury in order to secure the Plaintiff's indictment and that Defendant Brickwood lied at trial as part of the conspiracy to have the Plaintiff falsely accused and convicted of a crime.

3

**STANDARD OF REVIEW FOR MOTION TO DISMISS**

In deciding a motion to dismiss under Rule 12(b)(6), the Court is required to accept as true all factual allegations in the complaint and must construe any well-pleaded factual allegations in the Plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Easton v. Sundram, 947 F.2d 1011, 1014-15 (2d Cir. 1991), *cert denied*, 504 U.S. 911, 112 S.Ct. 1943, 118 L.Ed2d 548 (1992). A court may dismiss a complaint only where "it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed2d 80 (1957); *see also* Still v. DeBuono, 101 F.3d 888 (2d Cir. 1996). The issue on a motion to dismiss "is not whether the Plaintiff will prevail, but whether he is entitled to offer evidence to support his claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D.Conn. 1990), citing Scheuer, supra, 416 U.S. at 236.

42 U.S.C. §1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979). The first step in any such claim is to identify the specific constitutional right allegedly infringed. Graham v. Connor, 490 U.S. 386, 394 (1989); Baker, supra, 443 U.S. at 140. Under the Fourth Amendment of the United States Constitution, at the time of Plaintiff's indictment and trial, he enjoyed the right to be free from malicious prosecution. See Singer v. Fulton County Sheriff, 63 F.3d 110 (2d Cir.1995) ("The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person...")

4

**Malicious Prosecution**

"Although §1983 provides plaintiffs with a federal cause of action, [the Second

Circuit] borrow[s] the elements of the underlying malicious prosecution from state law."

Washington v. County of Rockland, 373 F.3d 310, 315 (2d Cir. 2004). In order to prevail in

an action for malicious prosecution in New York, a plaintiff must prove "(1) the initiation or

continuation of criminal proceeding against the Plaintiff; (2) termination of the proceeding

in Plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4)

actual malice as a motivation for Defendant's actions"; Russell v. Smith, 68 F.3d 33, 36 (2d

Cir. 1995) "In order to prevail on a § 1983 claim against a state actor for malicious

prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . .

and establish the elements of a malicious prosecution under state law." Fulton v. Robinson,

289 F. 3d 188 (2d Cir. 2002) (internal citations omitted). "[A plaintiff] must assert, in

addition to the elements of malicious prosecution under state law, that there was . . . a

sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment

rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000), citing

Murphy v. Lynn, 118 F.3d 938, 944-46 (2d Cir. 1997).

I.    **DEFENDANTS' ASSERTION THAT THE PLAINTIFF HAS FAILED TO
      STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IS
      WITHOUT MERIT.**

The defendants' assertion that plaintiff has failed to state a claim upon which

relief can be granted is without merit. The pleading requirement set forth in Fed. R. Civ.

P. 8(a)(2) mandates only that a Plaintiff provide "short and plain statement of the claim

5

showing that the pleader is entitled to relief." "[T]he Federal Rules of Federal Procedure

do not require a claimant to set out in detail the facts upon which he bases his claim… all

the Rules require is a 'short and plain statement of the claim' that will give the Defendant

fair notice of what the Plaintiff's claim is and the grounds upon which it rests."

Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S.

163, 168, 113 S.Ct. 1160, 1163 (1993), citing Conley v. Gibson, 355 U.S. 41, 78 S.Ct.

99, 2 L.Ed.2d 80 (1957).

  The Complaint herein more than adequately establishes a claim for malicious

prosecution.. "The essence of malicious prosecution is the perversion of proper legal

procedures." Singer, supra, 63 F.3d 110, 117 (2d Cir. 1995) (additional citations omitted).

"In order to prevail on a §1983 claim against a state actor for malicious prosecution, a

Plaintiff must show a violation of his rights under the Fourth Amendment… and establish

the elements of a malicious prosecution claim under state law…" Fulton v. Robinson,

289 F.3d 188, 195 (2d Cir. 2002)(internal citations omitted). The Plaintiff must show the

traditional elements of malicious prosecution under New York law – "(1) the initiation or

continuation of criminal proceeding against the Plaintiff; (2) termination of the

proceeding in Plaintiff's favor; (3) lack of probable cause for commencing the

proceeding; and (4) actual malice as a motivation for Defendant's actions"; Russell v.

Smith, 68 F.3d 33, 36 (2d Cir. 1995); and also "show a violation of his rights under the

Fourth Amendment." Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997), citing Albright

v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994).

6

In satisfaction of the aforementioned elements of malicious prosecution, the Plaintiff's Complaint alleges the following: (1) "Grand Jury proceedings were held in 'the matter of the investigation into the explosion at 126 Valley Street, Sleepy Hollow, New York on Sunday May 16, 2004 at approximately 12:00 p.m., during the period from on or about October 18, 2004 to on or about November 3, 2004 in the Westchester County Supreme Court"; Complaint at ¶7; (2) Defendant Moran falsely testified at those proceedings; Complaint at ¶¶17, 18, 21; (3) Plaintiff was indicted by the Grand Jury on December 13, 2005 and charged with various offenses; Complaint at ¶¶9, 10; (3) the Plaintiff was arraigned; Complaint at ¶9; (4) Plaintiff was forced to stand trial by the People of the State of New York; Complaint at ¶41; (5) Defendant Brickwood falsely testified at trial; Complaint at ¶23 (4) Plaintiff was acquitted of all charges on October 17, 2006; Complaint at ¶43.

The Complaint therefore clearly alleges the required elements of a federal cause of action for malicious prosecution. As discussed, <u>supra</u>, Defendant Moran's perjured testimony clearly initiated the criminal proceedings against the Plaintiff. The proceedings terminated in the Plaintiff's favor as he was acquitted of all charges. Moreover, while "an indictment by a grand jury is generally considered *prima facie* evidence of probable cause in a subsequent civil action for malicious prosecution, this presumption may be rebutted by proof that the Defendant misrepresented, withheld, or falsified evidence." <u>White v. Frank</u>, 855 F.2d 956, 961-62 (2d Cir. 1988) (additional citations omitted). As for the element of malice, it is clearly established that "[l]ack of probable cause generally

7

raises an inference of malice…" <u>Ricciuti v. N.Y.C. Transit Authority</u>, 124 F.3d 123, 131 (2d Cir. 1997).

The Defendants further claim that the Plaintiff failed to allege any facts sufficient to establish a deprivation of those liberty interests secured to him by the Fourth Amendment of the United States Constitution. On the contrary, as indicated, <u>supra</u>, the Complaint in this action alleges that the Plaintiff was indicted, arraigned and tried on the charges brought against him by the People of the State of New York.

"The Fourth Amendment right implicated in a malicious prosecution action is the right to be free of unreasonable seizure of the person – *i.e.*, the right to be free of unreasonable or unwarranted restraints on personal liberty." <u>Singer</u>, <u>supra</u>, 63 F.3d at 116. "While a state has the undoubted authority, in connection with a criminal proceeding, to restrict a properly accused citizen's constitutional right to travel outside of the state as a condition of his pretrial release, and may order him to make periodic court appearances, such conditions are appropriately viewed as seizures within the meaning of the Fourth Amendment." <u>Murphy</u>, <u>supra</u>, 118 F.3d at 946. A defendant who is released pretrial "*is scarcely at liberty; he remains apprehended, arrested in his movements, indeed 'seized' for trial, so long as he is bound to appear in court and answer the state's charges.*" <u>Id</u>. at 946, <u>citing</u> <u>Albright</u>, <u>supra</u>, 510 U.S. at 279, 114 S.Ct. at 815 (1994) (Ginsburg, J., concurring).

Furthermore, the reasonableness of the seizure turns on the "state-law question of whether the criminal proceeding was initiated with probable cause…" <u>Murphy</u>, <u>supra</u>, 118 F.3d 946.

8

There can be doubt that the Plaintiff was not only seized for Fourth Amendment purposes, but that he has also properly alleged as much in his pleadings. The Plaintiff was indicted, arraigned and tried by a jury.  What necessarily and naturally flows from those set of facts is that the Plaintiff was required to appear in court to answer and defend the charges against him on several separate occasions. Moreover, the seizure was unreasonable in light of the fact the indictment was procured through Defendant Moran's perjured testimony before the Grand Jury. Indeed, as discussed, infra, any presumption of probable cause is easily rebutted by Defendant Moran's perjured testimony.

Stated another way, non-existent probable cause was found by virtue of Moran's express lies and omissions to the prosecutor and Grand Jury, and the farce was continued by Brickhouse's lies to the court and jury at trial, until the subterfuge was discovered by Plaintiff's defense counsel. To reward such conduct by granting the instant Motion to Dismiss would constitute a disservice and perversion of the principles of justice upon which our system is founded.

## II.    DEFENDANTS MORAN AND BRICKWOOD ARE NOT ENTITLED TO ABSOLUTE IMMUNITY

Defendants Moran and Brickwood are not entitled to absolute immunity because their roles in the Grand Jury proceedings and at trial, respectively, were as complaining witnesses. White, supra, 855 F.2d 956. "Where… the constitutional tort is the action of a police officer in initiating a baseless prosecution, his role as 'complaining witness' renders him liable to the victim under Section 1983… and the fact that his testimony at a judicial proceeding may have been the means by which he initiated the prosecution does

not permit him to transpose the immunity available for defamation as a defense to malicious prosecution." Id., at 961.

There is a two step approach for determining whether an absolute immunity defense is available in a Section 1983 suit. First, the official claiming immunity under Section 1983 must point to a common law counterpart to the privilege he asserts. Malley v. Briggs, 475 U.S 335, 339-40 (1986); White, supra, 855 F.2d at 958. "Second, if the official 'was accorded immunities from tort actions at common law when the Civil Rights Act was enacted in 1871, the Court next considers whether Section 1983's history or purposes nonetheless counsel against recognizing the same immunity in Section 1983 actions.'" Malley, 475 U.S. at 341, citing Tower v. Glover, 467 US 914, 920 (1984) (additional citations omitted).

The White court also noted that "the common law made a subtle but crucial distinction between two categories of witnesses with respect to their immunity for false testimony. White, supra, 855 F.2d at 958. "Those whose role was limited to providing testimony enjoyed immunity; those who played a role in initiating a prosecution - complaining witnesses - did not enjoy immunity." Id, at 959. "In an action for malicious prosecution, the complaining witness [is] sought to be held liable for his role in *initiating* a baseless prosecution, and 'complaining witnesses were not absolutely immune at common law.'" Id., at 959, citing Malley, supra, 475 U.S. at 340.

Furthermore, in order to show that a Defendant initiated or continued criminal proceedings against a Plaintiff, "it must be shown that the Defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the

10

authorities to act. <u>Mitchell v. Victoria Home</u>, 434 F.Supp.2d 219, 227 (S.D.N.Y. 2006), <u>quoting</u> <u>DeFilippo v. County of Nassau</u>, 183 A.D.2d 695, 696, 583 N.Y.S.2d 283, 284 (2d Dept.1992) (additional citations omitted). "In malicious prosecution cases brought against police officers, Plaintiffs have demonstrated that officers initiated criminal proceedings by having the Plaintiff arraigned, by filling out complaining and corroborating affidavits, and by signing felony complaints. <u>Id</u>. at 227, <u>citing</u> <u>Llerando-Phipps v. City of New York</u>, 390 F.Supp.2d 372, 383 (S.D.N.Y.2005). Furthermore, a claim of malicious prosecution will stand against a police officer who either creates false information or withholds material evidence. <u>Id</u>. at 228.

The defendants concede that the Grand Jury in this matter was entitled "the matter of the investigation into the explosion at 126 Valley Street, Sleepy Hollow, New York, on Sunday, May 16, 2004 at approximately 12:00 p.m., during the period from on or about October 18, 2004 to on or about November 3, 2004 in the Westchester County Supreme Court". The plaintiff was not the specific target of the Grand Jury; it was empanelled to determine the cause of the explosion. It was only after Moran's perjury that plaintiff was indicted. Moran, acting under color of law as a law enforcement was, *a fortiori,* a complaining witness. He was the lone witness who testified to plaintiff's alleged admission to having pumped nearly 70 gallons of gasoline from the fireboat over a one day period, and but for his perjured testimony, the plaintiff would not have been indicted.

Stated another way, were it not for the false information provided by Moran to the District Attorney, which caused the empanelling of the grand Jury, and the repetition of the same before the Grand Jury, the prosecution of Plaintiff would never have occurred. Defendant Moran's testimony de facto *caused* the indictment. Had he not lied to the District Attorney and to the Grand Jury panel, neither the District Attorney nor said panel would have had reason to find any wrongdoing on the part of the Plaintiff.

Moreover, as alleged, both Defendants Moran and Brickwood lied and withheld material evidence from the prosecutor.  The simple fact remains that had Defendant Moran, during the Grand Jury proceedings, and Defendant Brickwood, during trial, truthfully disclosed to the Grand Jury and the prosecutor the full extent of their investigation, either the Grand Jury would not have indicted, or the prosecutor would not have otherwise pursued the charges against the Plaintiff.  With regard to Defendant Brickwood's perjured testimony and withholding of material evidence, it strains credulity to believe that the prosecutor would not have discussed Defendant Brickwood's investigative findings prior his testifying *about those very same investigative findings* at trial against the Plaintiff.

Likewise, Brickwood is also not entitled to qualified immunity. Government actors performing discretionary functions are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Even where the plaintiff's federal rights and the scope of the official's permissible conduct are clearly established, the

12

qualified immunity defense protects a government actor if it was "objectively reasonable"
for him to believe that his actions were lawful at the time of the challenged act. Anderson
v. Creighton, 483 U.S. 635, 638, 97 L. Ed. 2d 523, 107 S. Ct. 3034 (1986). Malley, supra,
475 U.S. at 340-41, 89 L. Ed. 2d 271, 106 S. Ct. 1092 (1986).

      The Second Circuit has articulated a specific summary judgment standard to be
used in cases in which the moving party asserts qualified immunity as a defense. "[A]
defendant is entitled to summary judgment on qualified immunity grounds when 'no
reasonable jury, looking at the evidence in the light most favorable to, and drawing all
inferences most favorable to, the plaintiffs, could conclude that it was objectively
unreasonable for the defendant[ ] to believe that he was acting in a fashion that did not
clearly violate an established federally protected right.'" Lennon v. Miller, 66 F.3d 416,
420 (2d Cir. 1995), quoting Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987). "An
officer's actions are objectively unreasonable when no officer of reasonable competence
could have made the same choice in similar circumstances." Id. at 420-21. When "the
factual record is not in serious dispute . . . . the ultimate legal determination whether . . . a
reasonable police officer should have known he acted unlawfully is a question of law
better left for the court to decide." Warren v. Dwyer, 906 F.2d 70, 76 (2d Cir.) cert.
denied, 498 U.S. 967, 112 L. Ed. 2d 414, 111 S. Ct. 431 (1990).

      Brickwood cannot possibly meet these standards. Plaintiff's rights to be free from
false arrest and malicious prosecution were clearly established at the time of his arrest
and trial. Brickwood's false testimony was the lynchpin of the State's case against
plaintiff. Without the prospect of that testimony, the trial would never have gone forward.

13

By acting as he did, Brickwood prolonged the entire case and caused plaintiff to suffer additional harm. Moreover, Brickwood cannot plausibly believe that it was reasonable for him to believe that he was privileged to commit perjury. As a law enforcement official, Brickwood was sworn to uphold and enforce the law, not to deliberately violate it.

Based on the foregoing, the Defendants' claim that they are entitled to absolute or qualified immunity must fail.

## **CONCLUSION**

Based on the foregoing, the Defendants' Motion to Dismiss should be denied.


Dated: Greenwich, Connecticut
       February 29, 2008

                                              THE PLAINTIFF
                                              MIGUEL VALLE


                                              By Karen L. Mayer, Esq.
                                              Russell & Pastore, LLC
                                              66 Field Point Road
                                              Greenwich, CT 06907
                                              (203) 661-4200
                                              Federal Juris No. KM6555

14