UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIGUEL VALLE,

                            Plaintiff,

                                                                                07 CIV. 8214 (CLB)(MDF)

        vs.

INVESTIGATOR THOMAS MORAN, AND
INVESTIGATOR DALE BRICKWOOD, OF THE
WESTCHESTER COUNTY DISTRICT ATTORNEY'S
OFFICE,

                            Defendants.

------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW

                                                             CHARLENE M. INDELICATO
                                                             Westchester County Attorney
                                                             Attorney for Defendant(s)
                                                             By: HILLARY J. RAIMONDI
                                                             Associate County Attorney
                                                              Of Counsel
                                                            600 Michaelian Office Building
                                                            148 Martine Avenue
                                                           White Plains, New York 10601
                                                           (914) 995-3671

# TABLE OF CONTENTS

PRELIMINARY STATEMENT................................................................1

FACTS....................................................................................................2

ARGUMENT..........................................................................................2

POINT I..................................................................................................2

    PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MALICIOUS PROSECUTION............................................................2

    I    The Presumption of Probable Cause is not Rebutted by Plaintiff's Mere Claim that his Statements were not Properly Stated to the Grand Jury.................................................................2

    II.    Both Defendants are Entitled to Absolute Immunity............................................................7
        A. Defendant Brickwood is Entitled to Absolute Immunity...............7
        B. Defendant Moran is Entitled to Absolute Immunity......................8

POINT II................................................................................................10

    PLAINTIFF'S STATE LAW CLAIMS ARE BARRED..............................10

CONCLUSION......................................................................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
MIGUEL VALLE,

                  Plaintiff,                            07 CIV. 8214 (CLB)(MDF)

                  v.                                         **REPLY MEMORANDUM OF LAW**

INVESTIGATOR THOMAS MORAN, AND
INVESTIGATOR DALE BRICKWOOD, OF THE
WESTCHESTER COUNTY DISTRICT
ATTORNEY'S OFFICE,

                  Defendants.

---------------------------------------------------------------x

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendants Thomas Moran and Dale Brickwood, both criminal investigators at the Westchester County District Attorney's Office ("Defendants"), in reply to Plaintiff's opposition to the instant motion to dismiss the above-captioned complaint. As will be discussed herein, the facts as alleged neither overcome the presumption of probable cause as a result of the grand jury indictment, nor the existence of absolute immunity for both defendants. In support of his claim, Plaintiff merely points to a small portion of testimony which, on its own, alleges no criminal conduct. Having tape recorded a routine investigatory interview that occurred at the very early stages of an investigation that spanned over an extended period, Plaintiff now highlights the only discrepancy he can find in an attempt to create a claim against these two investigators. Indeed, it is entirely implausible that Plaintiff could have been indicted by a grand jury on multiple

environmental crimes and assault charges based solely on an investigator's testimony that Plaintiff did not tell him what he did with gasoline he siphoned out of a boat. Plaintiff should not be able to overcome absolute immunity or the probable cause determination by these conclusory allegations regarding Defendants' role in the prosecution (i.e. as complaining rather than mere witnesses), or the relative weight or value of their testimony. Indeed, considering the allegations made, the presumptions should stand, the lawsuit cannot proceed, and the claims should be dismissed.

## FACTS

For a detailed recitation of the facts as alleged, Defendants respectfully refer the Court to the Memorandum of Law in support of the instant Motion to Dismiss.

## ARGUMENT

### POINT I

### PLAINTIFF HAS FAILED TO STATE A CLAIM FOR MALICIOUS PROSECUTION[1]

I. **The Presumption of Probable Cause is not Rebutted by Plaintiff's Mere Claim that his Statements were not Properly Stated to the Grand Jury**

As discussed in Defendants' Memorandum of Law in Support of the Motion to Dismiss, Plaintiff was indicted by an investigatory grand jury on a myriad of charges,

---

[1] In the moving papers, defendants also argued that under the Murphy v. Lynn, 118 F.3d 938 (2d Cir. 1997), court appearances alone (in other words, without restrictions on travel) are insufficient to constitute a seizure within the meaning of the fourth amendment. While there appears to be some dissention among the Circuits on this issue (see, e.g. Nieves v. McSweeney, 241 F.3d 46,56-57 (1st Cir. 2001)(without restrictions on travel, court appearances not enough for fourth amendment seizure)), the Second Circuit Court of Appeals has held that being subjected to the court's jurisdiction and having to appear in court is sufficient – at the pleading stage -- to meet the standards of the fourth amendment. Rohman v. New York City Transit Authority, 215 F.3d 208 (2000). While the actual "seizure" of Plaintiff in this case may ultimately be found to be constitutional, defendants recognize this Court is constrained to be bound by the Court of Appeals in this Circuit, at least at the pleading stage.

proceeded to trial on certain of those charges, and was ultimately acquitted. When a grand jury indicts, there is a presumption of probable cause rebutted only by factual allegations that make plausible a claim that the indictment itself was procured through fraud or perjury. Bernard v. United States, 25 F.3d 98, 104 (2d Cir. 1994); White v. Frank, 855 F.2d 956, 961 (2d Cir. 1988). Plaintiff cannot dispute that if the presumption of probable cause cannot be overcome, there is no viable claim for malicious prosecution. In order to plead a claim, Plaintiff must allege facts which, if true, would establish that defendants were complaining witnesses whose testimony caused the prosecution – in other words, but for their testimony, there would have been no probable cause finding by the grand jury. Here, Plaintiff alleges only that grand jury proceedings were held, defendant Moran testified falsely, and Plaintiff was indicted. See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss at p. 7. The crux of his claim is that he told the investigators that he properly disposed of gasoline over a two day period (the day of the explosion and the morning of the interview), and that defendant Moran not only failed to report that accurately to the grand jury, but the investigators failed to investigate other leads.

The recitation by Plaintiff of the alleged false testimony, and the Plaintiff's conclusory assertion that probable cause was lacking without the testimony, is insufficient to rebut the presumption of probable cause, especially when one looks at the substance of the alleged false testimony in the instant matter. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed. 2d 929 (May 21, 2007) (in order to survive a motion to dismiss for failure to state a claim, Plaintiffs must allege enough facts to state a claim for relief that is plausible on its face). Here, Plaintiff claims that defendant Moran

3

failed to accurately inform the grand jury that Plaintiff claimed to have disposed of the subject gasoline properly over a two day period. This testimony is not sufficient on its face to establish that defendant Moran was a complaining witness whose testimony was the basis for a probable cause determination by a grand jury. Indeed, although Moran testified that Plaintiff did not tell him what he did with all of the gasoline, he also testified that Plaintiff denied pouring gasoline down the sink. See grand jury testimony, attached to Complaint, at pp.13-14.[2] Even if Moran failed to accurately recount Plaintiff's self-serving statement about what he did with all of the gasoline, his testimony does not create sufficient cause to believe that Plaintiff improperly disposed of gasoline, especially taken in conjunction with the remainder of Moran's testimony. Moran was not an eye witness, was not involved in the transaction or occurrence the led to the indictment, and did not characterize Plaintiff's statements as admissions of guilt. Plaintiff admitted he was involved in pumping the gasoline out of the boat, he admitted he disposed of the gasoline – he just maintains he did it legally. As it is undisputed that there was an explosion in the vicinity that day, it is only reasonable to assume that there was other evidence linking Plaintiff to the improper disposal of the gasoline and the resulting explosion. There are no factual allegations to explain how this seemingly benign testimony could have possibly been the cause of the criminal prosecution, which resulted in the following criminal charges: "aiding and abetting another Defendant and acting in concert with said defendant who was charged with two counts of assault in the second degree under PL § 120.05(4); two counts of assault in the second degree under PL § 120.05(6); two counts of assault in the third degree under PL § 120.00(3); one count of reckless endangerment

---

[2] The testimony was: "Q: Did you ask Mr. Valle if he poured any gasoline down the sink? A: Yes. Q:And what, if anything, did he tell you? A: He told me no. Q: Did he tell you if he knew who did? A: No. He had no opinion how the gasoline got into the slop sink or into the pipes leading out to the street."

in the second degree under PL § 120.20; one count of official misconduct under PL § 190.00(1); one count of endangering the public health, safety and environment in the second degree under ECL § 71-2713(1); one count of endangering the public health, safety and environment in the fourth degree under ECL § 71-2711(3); one count of knowing violation of an industrial pre-treatment standard under ECL § 71-1933(4); one count of criminally negligent violation of an industrial pre-treatment standard under ECL § 71-1933(3); and (as amended) one count of criminally reckless violation of ECL § 27-0914 under ECL § 71-27-5(2)." Complaint at para. 10.

    Consequently, while Plaintiff's alleged claim to investigators that he properly disposed of all the gasoline he pumped out of the boat may not have been properly communicated to the grand jury, it could hardly have been crucial testimony, let alone the lynchpin, of Plaintiff's indictment. Without additional factual allegations, which, if true, show that probable cause was lacking without Moran's testimony, the allegations in Plaintiff's Complaint falls fall short of stating a claim. Plainly, it could not be deemed the "but for" cause of Plaintiff's indictment. See Dale v. Bartels, 732 F.2d 278, 283 (2d Cir. 1984) (if in omitting testimony complained of, probable cause still exits, it is not the "but for" cause of the injury complained of and the claim must be dismissed). Importantly, " '[t]he fact that an innocent explanation may be consistent with the facts alleged . . . does not negate probable cause,' . . . and an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta v. Crowley, 460 F.3d 388, 395-396 (2d Cir. 2006), citing United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985). Obviously the Prosecutors agreed that the testimony was not crucial to the finding of probable cause or the continued viability of the criminal charges,

5

since it is alleged that they discovered the false testimony at the trial, and yet the trial went to verdict. No action was alleged to have been taken either by the Court or the prosecutors to address this alleged perjury.

Importantly, defendants have no ability to disclose the grand jury minutes, even in discovery in this proceeding, absent a Court Order. Nor do the individual defendants possess these minutes. See N.Y. Penal Law §215.70. While Plaintiff may be able to meet the standard for unsealing grand jury minutes in a context where the grand jury proceedings themselves form the basis of a civil lawsuit, it is a necessary step that Plaintiff has overlooked.[3]

Specifically, according to New York State Criminal Procedure Law Section 190.25(4)(a),

> [g]rand jury proceedings are secret, and no grand juror, or other person specified in subdivision three of this section or section 215.70 of the penal law, may, except in the lawful discharge of his duties or upon written order of the court, disclose the nature or substance of any grand jury testimony, evidence, or any decision, result or other matter attending a grand jury proceeding.

While the grand jury minutes may be examined by investigators assigned to the case, they may not disclose the substance of the grand jury without a court order. N.Y. Crim. Proc. Law § 215.70. Moreover, while the criminal defense attorneys for Plaintiff and his co-defendant were granted the ability to review the grand jury testimony as a result of their motion to inspect and resulting court order, and because certain testimony

---

[3] Having not reviewed the presently sealed grand jury minutes, counsel cannot state whether there are any issues that would be raised with respect to its unsealing either in whole or in part.

6

was turned over subject to a protective order for trial, they are similarly precluded from disclosing the testimony to third parties absent a court order. See N.Y. Crim. Proc. Law § 190.25(4). Just as it is incumbent on Plaintiff to waive the sealing of his criminal files pursuant to Criminal Procedure Law Section 160.50 if he wishes to make it the subject of a civil lawsuit, so too should a Plaintiff seek out and obtain a court order unsealing the grand jury minutes if he insists that perjured testimony caused an investigative grand jury to indict him. In that connection, federal courts will typically, as a matter of comity, defer to the state court that supervised the grand jury, which will, in the first instance, make a determination whether there is a compelling or particularized need for the disclosure. See Brown v. City of New York, 2007 U.S. Dist. LEXIS 8033, *2-4 (S.D.N.Y. 2007); Palmer v. Estate of Walwyn Stuart, 2004 U.S. Dist. LEXIS 21788, *5 (S.D.N.Y. 2004). Without such an order, and a review of the grand jury proceedings, Plaintiff cannot overcome the presumption that there was probable cause, or the absolute immunity of the defendants as witnesses as discussed below. Since the allegations in the Complaint are not sufficient, if true, to establish Plaintiff's claim, the Complaint must be dismissed.

## II.   Both Defendants are Entitled to Absolute Immunity

### A.   Defendant Brickwood is Entitled to Absolute Immunity

In Plaintiff's opposition to the instant motion, Plaintiff fails to acknowledge the inherent and legal difference between grand jury testimony and trial testimony. Defendant Brickwood testified only at the criminal trial, and did not testify at the grand jury. Thus, he played no role in the issuance of an indictment by the grand jury, and certainly was not the complaining witness. Moreover, according to Plaintiff, the alleged

7

false nature of Brickwood's testimony was revealed during the trial, when he testified consistently with defendant Moran. However, the charges were not dismissed by the court or withdrawn by the prosecutor at that time, rendering it clear that neither the judge nor the prosecutor found probable cause to be absent as a result of the alleged misstatements. Thus, Plaintiff's claims that prosecutors would not have proceeded in the absence of Defendant's statements, and that defendant Brickwood's testimony caused the continuation of the prosecution, are not true and are belied by the facts as alleged. In fact, the prosecution proceeded despite the alleged misstatements. In light of defendant Brickwood's role as a mere witness at trial, and not as an individual who either caused or initiated the prosecution, he is entitled to absolute immunity regardless of whether his testimony was true.[4]

### B.  Defendant Moran is Entitled to Absolute Immunity

Similarly, defendant Moran's entitlement to absolute immunity has not been overcome by the allegations in the complaint. The issue of absolute witness immunity for defendant Moran is inextricably intertwined with the issue of probable cause in the instant matter since Plaintiff makes the conclusory assertion that defendant Moran's testimony was the basis of the probable cause finding. While, as indicated in the moving papers, there is a limited exception to absolute witness immunity when an official causes a criminal prosecution, here, defendant Moran was a mere witnesses who provided some testimony to the grand jury about the investigation. But that testimony, as discussed above, was not the but for cause of the probable cause determination by the grand jury.

---

[4] Plaintiff ignores defendants argument that no benefit is derived from alleging a conspiracy when the actors are cloaked with immunity, and there is no state action. Defendant respectfully refers the Court to the Memorandum of Law in Support of the Motion to Dismiss at pp. 11-13 for a discussion of that topic.

8

Absolute immunity is grounded in well established principles that the entire judicial process and all witnesses, whether governmental, expert or lay, are protected. Briscoe v. LaHue, 460 U.S. 325, 334-335, 103 S.Ct. 1108 (1983). This includes grand jury and trial testimony. Indeed, as discussed above, the testimony here was not – on its face -- that of a complaining witness. Defendant Moran did not testify that he investigated plaintiff and determined that he illegally disposed of the gasoline. He did not testify that he witnessed such disposal. He in fact testified that Plaintiff told him he did not pour gasoline down the drain. He was a mere witness who is alleged to have improperly recounted Plaintiff's statements about what he purportedly lawfully did with the gasoline. Notably, Plaintiff's claims that he properly disposed of the gasoline are no different than generalized assertions of innocence, which are fairly routine and expected in criminal prosecutions. Certainly, this is not sufficient to be the factual basis for a claim of malicious prosecution. Also, as the testimony at the trial elicited from Defendant Brickwood allegedly contained the same misstatements, and the false nature of the testimony was allegedly revealed at the trial, the fact that the charges were not dismissed by the Court or on motion of the prosecutor, bolsters defendant Moran's claim of entitlement to immunity.[5]

Thus, Plaintiff's conclusory assertions aside, the factual allegations here are insufficient as a matter of law and the claim should be dismissed.

---

[5] To be sure, guilt beyond a reasonable doubt is not the same standard as reasonable or probable cause to believe someone has committed a crime. Thus, the fact that Plaintiff was acquitted is not probative of whether there was probable cause. It is merely a condition precedent to the suit, establishing one of the other essential elements of a claim of malicious prosecution in addition to an alleged lack of probable cause.

## POINT II

## PLAINTIFF'S STATE LAW CLAIMS ARE BARRED

Plaintiff fails to address the arguments raised in Defendants' Motion to Dismiss with respect to the pendent state law claims. Thus, Defendants respectfully refer the Court to their moving papers for a discussion of those claims, and requests that its motion be deemed unopposed and that the claims be dismissed.

## CONCLUSION

Based on the foregoing, the claims against defendants Moran and Brickwood should be dismissed in their entirety.

Dated:   White Plains, New York
         March 28, 2008

CHARLENE M. INDELICATO
Westchester County Attorney

By: Hillary J. Raimondi (HR-0198)
Associate County Attorney, of Counsel
148 Martine Avenue
White Plains, New York 10601
(914) 995-3671

10