Exhibit A

Get a Document - by Citation - 2007 U.S. Dist. LEXIS 8033

Case 1:07-cv-08214-CM Document 10-38    Filed 03/28/2008    Page 2 of 3

Page 1 of 3

**LexisNexis®** *Total Research System*

Switch Client ⋮ Preferences ⋮ Sign Off ⋮ [?] Help

Search ▎Research Tasks ▎Get a Document ▎*Shepard's®* ▎Alerts ▎Transactional Advisor ▎Counsel Selector ▎ H

Service: **Get by LEXSEE®**
Citation: **2007 U.S. Dist. LEXIS 8033**

*2007 U.S. Dist. LEXIS 8033, \**

THOMAS BROWN, Plaintiff, -against- THE CITY OF NEW YORK & POLICE OFFICER JOHN DOE, Defendants.

06 Civ. 2059 (LTS)(KNF)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2007 U.S. Dist. LEXIS 8033

January 30, 2007, Decided
January 30, 2007, Filed

**CORE TERMS:** grand jury proceeding, particularized, disclosure, minutes, indictment, probable cause, district attorney, wholesale, unseal, civil rights, factual allegations, narrowly tailored, misconduct, indicted, secret, rebut, affirmation, unsealed, oppose

**COUNSEL:** **[\*1]** For Thomas Brown, Plaintiff: Michael Colihan ▾, LEAD ATTORNEY, Brooklyn, NY.

For City of New York, Defendant: Brian K. Morgan, New York City Law Department, Office of Corporate Counsel, New York, NY.

**JUDGES:** KEVIN NATHANIEL FOX, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** KEVIN NATHANIEL FOX

 **OPINION**

**MEMORANDUM and ORDER**

KEVIN NATHANIEL FOX

UNITED STATES MAGISTRATE JUDGE

In this action, brought pursuant to 42 U.S.C. § 1983, the plaintiff alleges the defendants: (a) violated his civil rights; (b) arrested him falsely, and without probable cause; (c) assaulted him; (d) imprisoned him; and (e) prosecuted him maliciously.

Before the Court is an application by the plaintiff for an order directing that the transcript of the minutes generated during a grand jury proceeding(s) that led to his indictment in New York County, for sexually assaulting a minor to whom he is related, be unsealed. The charges made against the plaintiff, through the indictment, were dismissed in the New York State Supreme Court, New York County, shortly before the matter was to proceed to trial, because the alleged crime victim, who suffers from a mental health impairment, could not

remember **[*2]** sufficiently the facts and circumstances that prompted her to accuse the plaintiff of criminal conduct. The plaintiff, who had no contact with the criminal justice system prior to the allegation made by his relative, was incarcerated for nine months until the indictment was dismissed. The defendants have advised the Court that they do not oppose the instant application. However, the defendants have transmitted to the Court an affirmation, prepared by an assistant district attorney in New York County, who opposes the plaintiff's application. ¹

**FOOTNOTES**

₁ The district attorney for New York County is not a party to this action and has made no application to the Court to be heard in connection with the plaintiff's request, that the transcript of the pertinent grand jury proceeding(s) be unsealed and disclosed to him. Therefore, the affirmation referenced above was not considered by the Court.

In July 2006, the plaintiff made a motion in the New York State Supreme Court, New York County, for the identical relief that he **[*3]** seeks through the instant application. The judicial officer who dismissed the indictment that had been lodged against the plaintiff in that court entertained the motion and, in August 2006, denied the plaintiff's request. Thereafter, undeterred, the plaintiff brought the request to this forum.

The plaintiff maintains the relief he seeks should be granted to him because information about the grand jury proceeding(s) is needed to assist him in overcoming the presumption, that probable cause for his arrest existed, that is created whenever a criminal suspect is indicted by a grand jury. See _Colon v. City of New York_, 60 N.Y.2d 78, 82, 455 N.E.2d 1248, 468 N.Y.S.2d 453, 455 (1983). "[That] presumption may be overcome only by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." _Id._ at 82-83, 468 N.Y.S. 2d at 455-456. In addition, the plaintiff asserts that he is entitled to the relief he seeks, through the instant application, because, although the records **[*4]** of a grand jury's proceedings are typically secret, they "are sometimes disclosed, especially in the context of a civil rights proceeding stemming from a dismissed criminal action such as [the one at bar]."

When an application is made to unseal the transcript of the minutes generated during a state grand jury proceeding(s), the applicant must demonstrate a compelling and particularized need for the material before a court would be warranted in granting the application. See _United States v. Procter & Gamble Co._, 356 U.S. 677, 683, 78 S. Ct. 983, 987, 2 L. Ed. 2d 1077 (1958); _Douglas Oil Co. v. Petrol Stops Northwest_, 441 U.S. 211, 222-23, 99 S. Ct. 1667, 1674-75, 60 L. Ed. 2d 156 (1979); **_Palmer v. Estate of Stuart_, No. 02 Civ. 4076, 2004 U.S. Dist. LEXIS 21788, 2004 WL 2429806, at \*2-3 (S.D.N.Y. Nov. 1, 2004)**. A particularized need may be established by showing "that (a) the material sought is needed to avoid a possible injustice, (b) the need for disclosure is greater than the need for secrecy, and (c) the request is structured to cover only material so needed." _Scheiner v. Wallace_, No. 93 Civ. 0062, 1995 U.S. Dist. LEXIS 18873, 1995 WL 753931, at \*5 (S.D.N.Y. Dec. 19, 1995) **[*5]** (quoting _Cullen v. Margiotta_, 811 F.2d 698, 715 [2d Cir.] cert. denied, 483 U.S. 1021, 107 S. Ct. 3266, 97 L. Ed. 2d 764 [1987]). Moreover, "[a] review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." _United States v. Torres_, 901 F.2d 205, 233 (2d Cir. 1990).

In a circumstance where a request is made to unseal a transcript of the minutes generated during a grand jury proceeding(s), solely to rebut the presumption of probable cause that attaches when a person is indicted on criminal charges, the particularized need standard has not been met. See _Barnett v. Dillon_, 890 F. Supp. 83, 87-88 (N.D.N.Y. 1995). Furthermore,

where a request for information concerning the proceeding(s) before a grand jury is not narrowly tailored but is simply a wholesale request for disclosure, made in a civil action, the request, typically, should be denied. *See In Mtr. of Grand Jury Minutes in United States v. Tam*, No. 96 CV 2810, 1997 WL 21369, at *3 (E.D.N.Y. Jan 9, 1997).

As indicated above, in the case at bar, the plaintiff seeks an order unsealing the transcript of the minutes generated during **[*6]** the grand jury proceeding(s) that resulted in criminal charges being lodged against him. The plaintiff's request is not narrowly tailored to obtain a particular portion(s) of the transcript. Rather, it is a wholesale request for disclosure of the transcript. Furthermore, the reason for the request to unseal the transcript is the plaintiff's desire to attempt to rebut the presumption of probable cause which arose as a result of his indictment. Such reasoning is not in consonance with the particularized need standard addressed above. Therefore, having considered the submissions made by the plaintiff and the policy, acknowledged by him, that favors keeping secret the proceedings that occur before a grand jury, as well as the submissions made by the plaintiff that do not: (a) establish a particularized need for the disclosure sought; (b) contain specific factual allegations of government misconduct; or (c) seek other than a wholesale disclosure of the pertinent transcript, the Court finds that, in the circumstance of the instant case, granting the plaintiff the relief he seeks would be inappropriate. Consequently, the instant application is denied.

SO ORDERED:

Dated: New York, New York

**[*7]** January 30, 2007

KEVIN NATHANIEL FOX

UNITED STATES MAGISTRATE JUDGE

Service: **Get by LEXSEE®**
Citation: **2007 U.S. Dist. LEXIS 8033**
View: Full
Date/Time: Friday, March 28, 2008 - 11:01 AM EDT

---

Search | Research Tasks | Get a Document | *Shepard's*® | Alerts | Transactional Advisor | Counsel Selector
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

 LexisNexis®

About LexisNexis  | Terms & Conditions  | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

LexisNexis® *Total Research System*

Switch Client ⦙ Preferences ⦙ Sign Off ⦙ ? Help

Search ⦙ Research Tasks ⦙ Get a Document ⦙ *Shepard's®* ⦙ Alerts ⦙ Transactional Advisor ⦙ Counsel Selector ⦙ H

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 21788**

*2004 U.S. Dist. LEXIS 21788, ***

RUSSELL D. PALMER, Plaintiff, -v.- ESTATE OF WALWYN STUART, Defendant.

02 Civ. 4076 (LTS) (GWG)

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

2004 U.S. Dist. LEXIS 21788

November 1, 2004, Decided
November 3, 2004, Filed

**PRIOR HISTORY:** Palmer v. Stewart, 2003 U.S. Dist. LEXIS 9214 (S.D.N.Y., June 4, 2003)

**DISPOSITION:** Plaintiff's motion for transcript of grand jury proceedings granted.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff arrestee sued defendant, a detective's estate, pursuant to 42 U.S.C.S. § 1983, alleging false arrest and false imprisonment. The arrestee sought an order compelling the district attorney to provide the transcript of grand jury proceedings held in the state court criminal case against him.

**OVERVIEW:** Plaintiff was arrested for criminal possession and sale of a controlled substance. The officer, whose estate was the defendant in the instant proceeding, gave testimony at a preliminary hearing. The grand jury did not indict. In giving the state court the opportunity to adjudicate the request for the grand jury minutes in the first instance, the court followed cases suggesting that such a process was preferable as a matter of comity. The grand jury transcripts not having been obtained as a result thereof, the burden fell on the court to make an independent determination of whether the grand jury transcripts should be released. Under federal law, a party seeking disclosure of federal grand jury material had to demonstrate a particularized need. To prove that, a party had to show that the material sought was needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure was greater than the need for continued secrecy, and that their request was structured to cover only material so needed. The same test had been applied with respect to state grand jury minutes. Under the facts, each element of this test favored the arrestee.

**OUTCOME:** The motion to order disclosure of the grand jury proceedings was granted.

**CORE TERMS:** minutes, grand jury, grand jury testimony, disclosure, grand jury proceedings, secrecy, unseal, reproduced, preliminary hearing, preliminary hearing, probable cause, trial testimony, injustice, arrest, grand jury, police officer, citations omitted, particularized, impeachment, deposition, indictment, jurors, federal law, false arrest, false imprisonment, false testimony, criminal trial, officers' testimony, witnesses testified, federal agents

## LEXISNEXIS® HEADNOTES                                          ⊟ **Hide**

Criminal Law & Procedure > Grand Juries > Secrecy > General Overview 🖳
Governments > Courts > Authority to Adjudicate 🖳
Governments > Courts > Judicial Comity 🖳

HN1⬦ While a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy, the requirement that plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in a federal civil rights case. While supervisory courts may be best positioned to evaluate the need for secrecy, courts where related civil cases are pending and in which grand jury testimony is sought to be discovered are armed with special knowledge of the status of the civil actions. More Like This Headnote | *Shepardize:* Restrict By Headnote

Criminal Law & Procedure > Grand Juries > Secrecy > Disclosure > Particularized Need Standard > Civil Litigants 🖳

HN2⬦ Under federal law, a party seeking disclosure of federal grand jury material must demonstrate a particularized need. To prove a particularized need, parties must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed. The same test has been applied with respect to state grand jury minutes. More Like This Headnote | *Shepardize:* Restrict By Headnote

Criminal Law & Procedure > Grand Juries > Evidence Before the Grand Jury > Credibility & Impeachment 🖳
Criminal Law & Procedure > Preliminary Proceedings > General Overview 🖳
Criminal Law & Procedure > Witnesses > Impeachment 🖳

HN3⬦ Both Waterman and Velasquez, as well as the U.S. Supreme Court's Douglas Oil decision, specifically contemplate that grand jury minutes may be properly disclosed even for impeachment purposes in appropriate circumstances. More Like This Headnote

Criminal Law & Procedure > Grand Juries > Secrecy > Purpose 🖳
Criminal Law & Procedure > Accusatory Instruments > Indictments 🖳
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview 🖳

HN4⬦ The usual reasons given for grand jury secrecy are as follows: (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect an innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt. More Like This Headnote

Criminal Law & Procedure > Grand Juries > Secrecy > General Overview 🖳
Criminal Law & Procedure > Discovery & Inspection > Discovery by Defendant > General Overview 🖳
Criminal Law & Procedure > Trials > Examination of Witnesses > General Overview 🖳

HN5⬦ Whenever a witness testifies for the prosecution at a criminal trial, the grand jury

testimony of that witness relating to the subject matter of his or her trial testimony is automatically made available to the defendant. N.Y. Crim. Proc. Law § 240.45(1)(a). More Like This Headnote

Criminal Law & Procedure > Grand Juries > Secrecy > Disclosure > Particularized Need Standard > General Overview

HN6 The third prong of the Douglas Oil test for showing a particularized need for disclosure of federal grand jury material, i.e., that the request is structured to cover only material so needed, is interpreted as inquiring whether the request seeks portions of the minutes beyond what is necessary for the plaintiff's purpose. More Like This Headnote | Shepardize: Restrict By Headnote

**COUNSEL:** [*1] Russell D. Palmer, PLAINTIFF, Pro se.

For Stuart, DEFENDANT: Concepcion A Montoya, New York City Law Dept., New York, NY USA, M Vivian Najib, Susan M Halatyn, Corporation Counsel of the City of New York, New York, NY USA.

**JUDGES:** GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** GABRIEL W. GORENSTEIN

**OPINION**

*OPINION AND ORDER*

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Russell D. Palmer has brought this action under 42 U.S.C. § 1983 against the estate of Detective Walwyn Stuart alleging, *inter alia*, false arrest and false imprisonment. As reflected in previous orders of this Court, Palmer seeks an order compelling the District Attorney to provide the transcript of grand jury proceedings held on May 17, 1999 in the state court criminal case against Palmer. For the reasons stated below, Palmer's motion is granted.

*I. BACKGROUND*

Palmer was arrested on March 26, 1999 for Criminal Possession of a Controlled Substance and Criminal Sale of a Controlled Substance. *See* Felony Complaint, dated March 27, 1999 (annexed to Letter to Russell D. Palmer from Vivian Najib, Assistant Corporation Counsel, [*2] dated March 31, 2004). A "preliminary hearing" was held on April 2, 1999 pursuant to New York Criminal Procedure Law ("CPL") § 180.60, at which Detectives Stephen Harding and Walwyn Stuart testified. Preliminary Hearing Transcript ("Tr.") (reproduced as Ex. B to the Declaration of Vivian Najib ("Najib Decl."), filed September 24, 2004) (Docket # 43). The officers' testimony -- relating to an alleged sale of crack cocaine by Palmer -- resulted in the presiding judge finding that there was probable cause to believe that Palmer had committed a felony and holding Palmer in custody for presentation of the case to a grand jury. (Tr. 46).

That presentation took place on May 17, 1999. Palmer, along with some police officer witnesses, testified before the grand jury. *See* Notice of Motion for an Application for the Grand Jury Transcripts ("Motion to Unseal"), dated June 14, 2004 (reproduced as Ex. E to the Najib Decl.). The grand jury, however, refused to indict Palmer. *See* Certificate of Dismissal,

dated May 17, 1999 (reproduced as Ex. C to Najib Decl.).

Palmer submitted the complaint in this action on September 20, 2001, to the Court's Pro Se Office. It alleges claims of false **[\*3]** arrest and false imprisonment. Complaint, filed May 30, 2002 (Docket # 2). Stuart, however, had died in the attacks on the World Trade Center on September 11, 2001. *See* Walwyn Stuart's Certificate of Death (reproduced as Ex. G to Najib Decl.). On March 5, 2004, Stuart's estate was substituted as the sole defendant in this action. *See* Order filed March 9, 2004 (Docket # 30).

On the same date, this Court directed defendant's counsel, the Corporation Counsel of New York City, to produce the minutes of Palmer's state grand jury proceedings -- with the exception of the testimony of non-officer witnesses other than Palmer, if any. *Id.* at 2. The District Attorney's office thereafter appeared and submitted objections to the disclosure on the grounds that the application for unsealing and release should first be made to the state court that supervised the grand jury proceedings. *See* Letter from Grace Vee, Assistant District Attorney, Appeals Bureau, to the Court, dated March 29, 2004. This Court agreed, vacated the portion of its prior order directing release of the minutes, and ordered Palmer to make his application to unseal the grand jury transcripts to the state court. **[\*4]** *See* Order, filed April 28, 2004 (Docket # 35) ("Apr. 28 Order").

Palmer thereafter made that application in state court, *see* Motion to Unseal, which was opposed by the District Attorney's office. *See* Affirmation of Grace Vee in Opposition to Unseal Grand Jury Minutes, dated July 8, 2004 (reproduced as Ex. B in Affirmation of Grace Vee in Opposition to Motion to Unseal State Grand Jury Minutes, dated Sept. 24, 2004 ("Vee Aff.")) (Docket # 42). The Corporation Counsel also opposed unsealing the records. *See* Affirmation of Concepcion Montoya in Opposition to Motion to Unseal Grand Jury Minutes, dated July 16, 2004 (reproduced as Ex. M to the Najib Decl.).

The state court judge concluded that Palmer failed to meet the burden of establishing a compelling and particularized need for the grand jury testimony under New York law. *See* Decision and Order, dated August 6, 2004 (annexed as Ex. C to Vee Aff.) ("Aug. 6 Dec."). The state court held in the alternative that even if Palmer had met his burden of showing a compelling need, the need for continued secrecy outweighed the public interest in disclosure. *Id.*

Following the denial of his motion in state court Palmer, **[\*5]** in a document dated August 21, 2004, renewed his motion before this Court to unseal the grand jury testimony. This motion has again been opposed by the defendant and the District Attorney's office.

## II. *DISCUSSION*

### A. *Effect of the State Court Decision Denying Access to the Grand Jury Minutes*

In giving the state court the opportunity to adjudicate Palmer's request for the grand jury minutes in the first instance, this Court followed cases suggesting that such a process was preferable as a matter of comity. *See* Apr. 28 Order at 1-2. That process having been completed, however, and the grand jury transcripts not having been obtained as a result thereof, the burden falls on this Court to make an independent determination of whether the grand jury transcripts should be released. *See, e.g., Scheiner v. Wallace,* 1995 U.S. Dist. LEXIS 18873, 1995 WL 753931, at \*4-\*5 (S.D.N.Y. Dec. 19, 1995). *HN1* While "a strong policy of comity between state and federal sovereignties impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal substantive and procedural policy," *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y. 1988) **[\*6]** (citations omitted), "the requirement that . . . plaintiffs first seek disclosure through the avenues available to them in the state court does not give the state courts a veto over disclosure in [a] federal civil rights case." *Socialist Workers Party v. Grubisic,* 619 F.2d 641, 644 (7th Cir.

1980). As *Scheiner* notes, "while supervisory courts may be best positioned to evaluate the need for secrecy, courts where related civil cases are pending and in which grand jury testimony is sought to be discovered are 'armed with . . . special knowledge of the status of the civil actions.'" *Scheiner*, 1995 U.S. Dist. LEXIS 18873, 1995 WL 753931, at *5 (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 232, 60 L. Ed. 2d 156, 99 S. Ct. 1667 (1979)).

B. *Federal Law on Disclosure of Grand Jury Minutes*

HN2 Under federal law, a party seeking disclosure of federal grand jury material must demonstrate a particularized need. *See Douglas Oil*, 441 U.S. at 222-23. To prove a particularized need, parties must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the **[*7]** need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222; *In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996) (citation omitted). The same test has been applied with respect to state grand jury minutes. *See, e.g., Scheiner*, 1995 U.S. Dist. LEXIS 18873, 1995 WL 753931 at *5-10; *Barnett v. Dillon*, 890 F. Supp. 83, 88 (N.D.N.Y. 1995).

1. *Possible Injustice*

Each element of this test favors Palmer. With respect to the need to avoid a "possible injustice," Palmer has made a compelling case that the grand jury testimony may be necessary to the prosecution of this civil case. Palmer's claim centers on whether the police had probable cause to arrest him and whether they gave false testimony at the preliminary hearing that resulted in his being held in jail. To prove his claim, Palmer will certainly rely on the sworn statements given in the initial complaint upon which Palmer was arrested and in the preliminary hearing testimony, which caused him to be incarcerated for more than a month until his case was presented to the grand jury. But this does not mean that the grand jury testimony **[*8]** of the officers has no relevance. To the contrary, the fact that probable cause was found based on the preliminary hearing testimony but not found based on the grand jury testimony is a highly unusual occurrence and unexplained by anything in the record. Thus, something in the grand jury testimony caused the grand jurors who heard it to believe that probable cause had not been established -- unlike the judge who heard the preliminary hearing testimony. There is no basis on which Palmer can explore this critical occurrence without examining the grand jury testimony itself. While there were at least some known differences in these two proceedings -- for example, Palmer testified before the grand jury but not at the preliminary hearing -- some difference in the officers' testimony might also have occasioned this unusual result. Obviously, without the grand jury minutes, Palmer is in no position to make specific arguments on this score. But the dramatic change in the probable cause findings is a sufficient circumstance to suggest that there is a "possible" injustice if Palmer is unable to examine those minutes.

Contrary to the statement in the state court judge's opinion, this Court **[*9]** cannot agree that Palmer has failed to show that "interviews, depositions, subpoenas and trial testimony" would not provide "other means" of obtaining the substance of the grand jury testimony. *See* Aug. 6 Dec. at 2. It is highly unlikely that the surviving officers in 2004 could recall precisely what they said before the grand jury in 1999, at the time the matter was freshest in their minds. Moreover, there is the more fundamental problem that if, in fact, there were material discrepancies between their testimony at the grand jury and at the preliminary hearing, a disincentive would exist to reveal those discrepancies now and the officers' recollection could not be tested.

The District Attorney's citation to cases in which courts decided that grand jury material sought for impeachment did not have to be produced, *see, e.g., Waterman v. City of New York*, 1998 U.S. Dist. LEXIS 235, 1998 WL 23219, at *3 (S.D.N.Y. Jan. 13, 1998); *Velasquez*

*v. City of New York*, 1997 U.S. Dist. LEXIS 18909, 1997 WL 736698, at *2 (S.D.N.Y. Nov. 28, 1997), is not persuasive for two reasons. First, both *Waterman* and *Velasquez* as well as the Supreme Court's decision in *Douglas Oil, see* 441 U.S. at 222 n.12, **[\*10]** *HN3* specifically contemplate that grand jury minutes may be properly disclosed even for impeachment purposes in appropriate circumstances. Second, Palmer is not seeking the grand jury material merely in the unsupported hope that it will impeach witnesses at trial. Rather, the grand jury testimony in Palmer's case, if inconsistent with the preliminary hearing testimony, would be critical to any effort by Palmer to show that the officers told two different versions of the arrest as part of the state court process that was used to incarcerate Palmer. Such a showing would be highly germane to Palmer's claims -- far beyond the mere impeachment of potential trial testimony.

Palmer's position is in some ways similar to that of the plaintiff in *Dale v. Bartels*, 532 F. Supp. 973 (S.D.N.Y. 1981). In *Dale*, the plaintiff requested grand jury minutes to show that the false testimony provided by federal agents resulted in an indictment. *Id.* at 975. The district court granted his request, noting that "the grand jury testimony is the res itself," that plaintiff was not seeking the testimony just to obtain information on the underlying facts, and that the plaintiff **[\*11]** was not seeking the testimony merely as a shortcut to getting testimony otherwise obtainable in discovery. *Id.* at 976-77. As was true in *Dale*, Palmer is not requesting the grand jury minutes where testimony of the officers at trial would do just as well. Instead, he needs the grand jury minutes in the event that they contain testimony that differs from what was given at the preliminary hearing. There is no reason to believe that deposition or trial testimony will mirror the testimony given at the grand jury. *Cf. id.* at 977 (finding it unlikely that a witness at a deposition would be able to give the entire substance of his grand jury testimony which had been given years earlier). [1]

**FOOTNOTES**

1 Conceivably, an *in camera* examination of the grand jury minutes might shed light on this topic. But, while such a procedure is referenced in some cases, *see, e.g.,* **Ruther v. Boyle, 879 F. Supp. 247, 251 (E.D.N.Y. 1995)**, the District Attorney has not sought it here. In addition, given the minimal interest in preserving the secrecy of the minutes, the Court is disinclined to conduct its own examination, which necessarily carries the potential risk of the Court's not recognizing a piece of testimony that the plaintiff might find significant for proving his case.

**[\*12]** 2. *Need for Grand Jury Minutes Compared with Need for Secrecy*

The second prong of the *Douglas Oil* test calls for balancing a party's need for disclosure with the need for secrecy. We have already discussed Palmer's need for the testimony. *HN4* The usual reasons given for grand jury secrecy are as follows:

(1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil*, 441 U.S. at 219 n.10 (citations omitted); *accord* 1 C. Wright, *Federal Practice & Procedure (Criminal 3d)* **[*13]** § 106, at 364 (1999). It is hardly necessary to review most of these factors as virtually none of them are even arguably applicable here. Palmer's grand jury proceeding is over. Disclosure of the testimony will not facilitate any "escape," will not cause anyone to "importune" grand jurors as their identities will not be revealed in the minutes, will not cause any witness tampering, will not affect the incentive for witnesses to testify before future grand juries, and will not protect Palmer's name, as he has disclosed the fact that he was the subject of the grand jury investigation by the filing of this lawsuit. The only testimony ordered released is that of Palmer and of the police officers (though the District Attorney must inform Palmer if it is the case that some other witness testified). The officers' interest in secrecy is at its lowest degree: testifying before grand juries is part of their regular job duties as public servants, *see Dale*, 532 F. Supp. at 976 ("A Government agent is not likely to be inhibited by a subsequent disclosure in the sense that a businessman, victim of extortion or racketeering who testifies to the grand jury might be."); the officers **[*14]** have testified about this incident already in the public preliminary hearing, *see Savino v. City of New York*, 1999 U.S. Dist. LEXIS 22463, 1999 WL 1212174, at *1 (S.D.N.Y. Dec. 16, 1999) (ordering release of grand jury minutes on the ground that where "there has been a criminal trial and the witnesses have testified in public, . . . there are no longer any pressing reasons for grand jury secrecy"); and the minutes of the officers' testimony inevitably would have been released to Palmer had they testified at his trial regarding the events leading to his arrest, *see Dale*, 532 F. Supp. at 976 (federal agent had "no justifiable expectation of confidentiality as to his grand jury testimony" because it was within his contemplation that he would testify at trial and that the grand jury minutes would be produced). Indeed, it is difficult to discern what possible interest could be impaired by the release of these minutes. The Court cannot accept the argument implicit in the District Attorney's submission: that future witnesses before grand juries must be able to testify with the confidence that their testimony will never be revealed. After all, *HN5* whenever a witness testifies for the prosecution **[*15]** at a criminal trial, the grand jury testimony of that witness relating to the subject matter of his or her trial testimony is automatically made available to the defendant. See CPL § 240.45(1)(a).

3. *Structuring of the Request*

The Court interprets *HN6* the third prong of the *Douglas Oil* test as inquiring whether the request seeks portions of the minutes beyond what is necessary for the plaintiff's purpose. Here, Palmer's request is appropriately structured. As currently construed, his request seeks only the grand jury testimony of the police officers and himself. Even if this request results in the disclosure of testimony of officers not actually named as defendants in this lawsuit, the testimony of any of the officers involved in Palmer's arrest would logically provide information relevant to Palmer's claims. Thus, the grand jury testimony sought is necessary to meet Palmer's needs.

*Conclusion*

For the foregoing reasons, Palmer's motion to order disclosure of the grand jury proceedings is granted. The District Attorney is directed to send a copy of the minutes to Palmer and to the Corporation Counsel on or before November 12, 2004. The minutes are to be used only **[*16]** for purposes of this litigation, though they may be disclosed if necessary in a filing made with the Court.

Defendants are instructed to serve and file their motion for summary judgment (returnable before Judge Swain) on or before November 24, 2004. Plaintiff may respond on or before December 24, 2004. Any reply shall be served and filed by January 14, 2005.

SO ORDERED.

Dated: November 1, 2004

New York, New York

GABRIEL W. GORENSTEIN

United States Magistrate Judge

Service: **Get by LEXSEE®**
Citation: **2004 U.S. Dist. LEXIS 21788**
View: Full
Date/Time: Wednesday, March 26, 2008 - 4:04 PM EDT

\* Signal Legend:
- Warning: Negative treatment is indicated
Q - Questioned: Validity questioned by citing refs
⚠ - Caution: Possible negative treatment
◈ - Positive treatment is indicated
A - Citing Refs. With Analysis Available
⊙ - Citation information available
\* Click on any *Shepard's* signal to *Shepardize®* that case.

Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Transactional Advisor | Counsel Selector
History | Delivery Manager | Switch Client | Preferences | Sign Off | Help

 LexisNexis®

About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.